William MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42999.

Court of Criminal Appeals of Texas.

June 24, 1970.

---

Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment was assessed by the jury at twenty-five years.

The record reflects that appellant, armed with a gun, and two other men robbed a 7-11 Store in Houston. Appellant took approximately $100. One of the robbers took approximately $35 in quarters. The third robber took $4 from a customer who entered the store.

After appellant and his companions left the store, a newspaper reporter saw their car, and the police were alerted. During a high speed chase, the car in which the robbers were riding crashed into a truck and they were apprehended. The gun that was used in the robbery was found fully loaded on the seat beside appellant. A roll of money amounting to $100 was found in his pocket. Approximately $35 in quarters was found in the pocket of one of the other men.

Appellant called Joseph Simmons, a co-indictee, who testified that he, Jackie Burley and appellant went to the 7-11 Store together and that Burley robbed the store with the gun, but that neither he nor the appellant knew that Burley was going to do it and that they tried to leave but he got in the car and left with them.

Simmons further testified that appellant had shown him a "reasonable" amount of money, and said his wife had given it to him, before they went into the store that afternoon.

The jury chose not to believe Simmons.

■ The sole complaint is that the court refused to permit appellant's wife to testify, because she had been in the courtroom after the rule had been invoked and had heard the other witnesses testify.

The record reflects that after the State had rested its case, the appellant called his wife, Edna Miller, as a witness. It was then brought to the attention of the court that she had been in the courtroom during the trial and had heard the testimony of all the witnesses. The rule had been invoked at the request of appellant. Edna Miller testified before the court that she was in the courtroom when the witnesses were sworn and heard the judge instruct the witnesses to remain outside the courtroom and not to discuss the case with each other. Her excluded testimony was that she had given appellant more than $100 the day of the alleged robbery. The record is silent on whether or not Edna Miller was sworn and instructed to leave the courtroom.

In Jupe v. State, 86 Tex.Cr.R. 573, 217 S.W. 1041, this Court stated: "[i]f appellant wishes to use his wife as a witness he will observe the rules of the court with reference to placing witnesses under the rule."

In Barbee v. State, Tex.Cr.App., 432 S.W.2d 78, the wife remained in the courtroom during the trial after the rule had been invoked, and the Court held that it was not error to refuse to permit her to testify in support of a bill of exception.

■ The admissibility of testimony of witnesses who have violated the rule, or who have not been placed under the rule, is a matter addressed to the discretion of the trial court, and, until the contrary ap-

pears, it will be presumed on appeal that such discretion was properly exercised. 1 Branch's Ann.P.C.2d, Sec. 365.

No abuse of discretion has been shown. The judgment is affirmed.