**Amador Hinojosa TIJERINA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43302.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

D. J. Lerma, Brownsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by the court at 20 years following a verdict of guilty.

The sole question presented is whether the trial court erred in refusing to grant a motion for new trial based on an alleged violation of the rule by some of the witnesses who had been placed thereunder. See Article 36.03, Vernon's Ann.C.C.P.

Detective Andres Vega was not an eye witness but was one of the investigating officers. As a result of his investigation he drafted a sketch or diagram of the alleged scene of the crime on the blackboard during his testimony. After he was excused he was requested by the prosecuting

attorney to go to the alleged scene of the crime and make additional measurements between certain points. He did so during a noon recess and returned to the prosecutor's office shortly before the trial resumed. Witnesses Krausse, Esparza and Flores, all of whom had been placed under the rule by the court, were present. In their presence Vega showed the prosecutor his new sketch and briefly discussed with him the measurements obtained. At this juncture the defense counsel entered the office and observed the proceedings and called another attorney to witness the same.

When the trial resumed Chief of Police Krausse testified without objection. His testimony did not relate to the scene of the crime. Officer Esparza also testified without objection, and, while he testified as to measurements he personally made at the alleged scene of the crime, this testimony was clearly based on notes he made on the initial date of the investigation. Officer Flores was not called as a witness.

When Detective Vega was recalled he testified as to the new measurements he made without objection. At the conclusion of this testimony the defense counsel established "for the purpose * * * of the record" that Vega had briefly discussed such measurements with the prosecuting attorney in the presence of other witnesses. He thereafter asked for no relief. His objection for the first time on motion for new trial clearly comes too late. By failing to object at the trial when he had knowledge of the alleged violation he waived his right to complain of a violation of the rule.

Further, "A wide discretion is confided in the trial judge with regard to the application and the extent of the application of the 'rule' to the witnesses and the exercise of this discretion will not be revised on appeal except in clear cases of abuse." 1 Branch's Ann.P.C., 2nd ed., Sec. 365, p. 388. See also Carlile v. State, Tex.Cr.App., 451 S.W.2d 511.

Thus, even where there has been a timely objection, the admissibility of testimony of witnesses who have violated the rule is a matter addressed to the discretion of the trial court and until the contrary appears it will be presumed on appeal that such discretion was properly exercised. Miller v. State, Tex.Cr.App., 455 S.W.2d 253; Barbee v. State, Tex.Cr.App., 432 S.W. 2d 78. See also Article 36.03, V.A.C.C.P., note 8 and cases there cited.

The judgment is affirmed.