**Lonnie Lee CHAMBERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43348.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Feb. 10, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

**314**

## OPINION

ONION, Judge.

This is an appeal from a conviction for robbery by assault wherein the appellant complains of the admission into evidence of an extraneous offense over objection and despite a previously granted motion in limine.

Prior to trial the appellant filed a motion in limine requesting that the prosecution not mention Cause No. C–69–2654–H (another cause pending against the appellant) or any acts relating thereto in the jury's presence.

The court's order reads: "Granted in that attorneys are to approach bench to determine admissibility of evidence at time of its offer."

The State's evidence reflects that at approximately 8:15 p. m. on April 22, 1969, four Negro males robbed Mrs. Bernice Atwood, the night desk clerk, at the Cole Manor Motel in Dallas, Texas and took about $125.00 at gunpoint. During the course of the robbery Mr. Clarence Walker, a guest of the motel, approached the office to° purchase a newspaper. He was promptly accosted by the four men and pistol whipped when he refused to given them his wallet. Both Mrs. Atwood and Mr. Walker had ample opportunity to observe their assailants and identified the appellant as being one of the participants in the robbery.

Robert Ottwell testified that on the night in question at 8:30 p. m. or so he stopped his automobile on Ft. Worth Avenue in Dallas to attempt to repair a mechanical difficulty. At the time he observed four or five Negro males in a car parked in front of him. They debarked leaving one of their number in the vehicle and walked toward a nearby motel. The driver circled the block, stopped again, had a conversation with Ottwell and returned to the vehicle as the others came from the motel at a "nervous gait." Ottwell reported a description and the license number of the vehicle to the police.

Dallas Police Officer Weldon Richardson related that the license number reported had been issued to a person living at 1315 Fordham Road and that on the following afternoon he proceeded to that address where he observed the described automobile and several persons fitting the description of the persons involved in the robbery in question and arrested those individuals including the appellant.

The appellant testified as to alibi and called five other witnesses in support of his defense.

The jury by their verdict rejected appellant's version of the facts and found him guilty and subsequently assessed his punishment at 25 years.

■ It is Ottwell's testimony that appellant urges was admitted in violation of the motion in limine. There is nothing in the *record to suggest that his testimony* had any relation to said Cause No. C–69–2654–H (the nature of which is not reflected by this record.) Ottwell never identified the appellant as being in the group of men he saw nor did he testify that the group had engaged in any criminal activity. He merely reported their suspicious conduct to the police. Further, all of Ottwell's testimony save that as to the license number was admitted before any objection was interposed. It also appears clear that the trial court did not consider the testimony violative of his pretrial order.

■ As to appellant's further claim that Ottwell's testimony constitutes a "fleeting prejudicial mention * * * of the extraneous offense," we again note it was not shown to relate to any offense. The State claims the evidence was merely offered during the presentation of its case in chief to explain appellant's arrest and the officer's interest in the Oldsmobile in which were found two pistols used in the instant robbery.

Even if it could be argued that the testimony related to an extraneous offense and was erroneously admitted when it was, such evidence would clearly have become admissible in rebuttal of the appellant's defensive theory of alibi. See Owens v. State, Tex.Cr.App., 450 S.W.2d 324. Under these circumstances, no reversible error is presented.

The judgment is affirmed.