Dan BERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44468.

Court of Criminal Appeals of Texas.

March 8, 1972.

A. J. Pope, Corpus Christi, for appellant.

Wm. B. Mobley, Dist. Atty., Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of assault with intent to rob; the punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed by a jury at ten years.

The sufficiency of the evidence to support the conviction is not challenged. Appellant's contentions are that the trial court erred in admitting evidence of extraneous offenses committed by him and that the court abused its discretion by allowing a witness to testify in violation of Article 36.03, Vernon's Ann.C.C.P.[1]

The record reflects that at approximately ten minutes until one on the afternoon of April 17, 1970, appellant drove one Frank Hawkins to a liquor store located on Naval Air Station Drive in Corpus Christi. Hawkins, who was a juvenile, went into the store and pointed a pistol at Martha May, an employee there. When she began screaming, he ran from the store and entered appellant's car.

John Cox, a deputy sheriff in Nueces County, testified that he observed the two driving away from the liquor store at a high rate of speed. At that time, Deputy Cox was unaware of the attempted robbery.

The testimony concerning extraneous offenses, which appellant now contends was erroneously admitted, came into the record at two different points in the trial.

The first instance occurred when Deputy Sheriff Cox was asked by the

---

1. Article 36.03, V.A.C.C.P., provides: "At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."

prosecutor why he recognized appellant as the driver of the car. He replied:

"A. That is correct sir, this young fellow, we had been observing him, we were under the impression he had been involved in several things.

"MR. LUBBEN: Object Your Honor, any charges he's got against him are not the subject of this case.

"THE COURT: Overrule the objection at this point. Overrule the objection.

"A. He had been under observation for quite some time by several of us being suspected to be involved in several things. I know the young boy pretty well and at the time I saw him I said to myself I wonder what he is doing today in this neighborhood and had I known what had happened down the street I would have . . ."

We first note that no specific offense was mentioned, only that the witness suspected that appellant "had been involved in several other things." Second, the record reflects that the witness was allowed, without objection, to testify to substantially the same facts when appellant cross-examined him concerning his ability to recognize the appellant as the driver of the vehicle. Third, appellant, while testifying in his own behalf, admitted the prior conviction alleged for enhancement and admitted that he had previously been convicted of felony theft, burglary of a private residence at night, and burglary.

█ Under such circumstances, we find no error. The trial court correctly per-

mitted the witness to testify concerning collateral matters which explained his ability to identify appellant. See this writer's concurring opinion in Williams v. State, Tex.Cr.App., (No. 44,437, Feb. 23, 1972). See also Valdez v. State, Tex.Cr. App., 472 S.W.2d 754; Chambers v. State, Tex.Cr.App., 462 S.W.2d 313; 61 Tex.Jur. 2d, Witnesses, Sec. 133.

Appellant also complains that "[t]he Trial Court erred in admitting the confession-statement and testimony of an accomplice witness over the objection of defense counsel, concerning an alleged prior extraneous offense of the accused for the purported purpose of showing system, design, scheme, and intention, without first showing that a final conviction had been obtained in the alleged prior extraneous offense; second, legal evidence to corroborate the accomplice's testimony, which was in and of itself supposed to show or demonstrate a system, design, or scheme; third, legal evidence to corroborate the accomplice's testimony of intent without the further legal corroboration of the accused's identity in the prior extraneous offense . . ."[2]

█ The accomplice, Hawkins, appeared as a witness for the state and was extensively cross-examined as to whether appellant had knowledge of the intent of the accomplice to commit a robbery at the liquor store.[3] On the third re-direct examination of Hawkins, he was questioned about an extraneous offense allegedly committed by him and appellant. Hawkins admitted that he and appellant had committed a robbery at a service station four days prior to their attempt to commit robbery at the liquor store. Their method of operation in the service station robbery was the same as the one they had used at the liquor store. After having

---

2. The admissibility of the confession on any other basis is not raised as a ground of error.

3. It was the appellant's defensive theory, as illustrated by his cross-examination of the accomplice and by his own testimony, that he took the accomplice to the scene of the robbery with no knowledge that a crime was to be committed and that he later picked up the accomplice with no knowledge that one had been committed.

testified concerning the extraneous offense, Hawkins identified the confession he had made with regard to that offense and stated that the confession was true and correct. The confession contained the same information stated by Hawkins in his testimony. The confession and the testimony were admitted into evidence over appellant's objection.[4]

In 23 Tex.Jur.2d, Evidence, Sec. 194, it is written:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible."

An exception to the general rule against admitting extraneous offenses comes into play when an accused places into issue his intent to commit the crime charged. 23 Tex.Jur.2d, Evidence, Sec. 198. By his cross-examination of Hawkins, appellant placed his intent to commit the crime charged in the instant case into issue, and evidence showing the extraneous offense became admissible. Owens v. State, Tex. Cr.App., 450 S.W.2d 324. See also, Bryant v. State, Tex.Cr.App., 471 S.W.2d 66; Baker v. State, Tex.Cr.App., 467 S.W.2d 428; Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

In reviewing the decision of the trial court with regard to the admission of evidence, it is necessary to determine the purpose for which the evidence was introduced. In the instant case, the evidence of the extraneous offense was introduced to rebut the defensive theory of lack of intent.

Finally, appellant contends that the trial court erred in admitting the testimony of Leslie Pavelka, a rebuttal witness for the state.

The "rule" had been invoked at the beginning of the trial. Miss Pavelka was not at that time listed as a witness for the state. She was the fiancee of appellant's accomplice, Frank Hawkins, and was in the courtroom during at least part of the trial. After listening to the testimony of appellant, she approached the prosecutor to inform him that she could rebut the defensive theory that the pistol which Hawkins had used belonged to Hawkins, not appellant. She stated that she knew that the pistol in question belonged to appellant because appellant had told her it did.

Appellant does not question the good faith of the prosecutor in this situation. His contention is that the trial court abused its discretion in allowing Miss Pavelka to testify over his objection.

■ A great deal of latitude is confided in the trial judge with regard to his decision concerning the applicability of the "rule" to a particular witness, and the exercise of this discretion will not be reversed on appeal except in cases of clear abuse. Tijerina v. State, Tex.Cr.App., 460 S.W.2d 123; 1 Branch's Ann.P.C.2d, Sec. 365. Under the facts of this case the error, if any, would be harmless; and we do not find that appellant has shown a clear abuse of discretion.

Finding no reversible error, the judgment is affirmed.

---

4. Since the accomplice testified, we are not faced with a denial of confrontation under the Sixth Amendment as discussed by the United States Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Compare Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), with Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). It is noted that such statement was probably inadmissible as hearsay and bolstering, but no objection was made on that basis.