**Ervin Phillip TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45021.

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 26, 1972.

Melvyn Carson Bruder, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a robbery conviction where the punishment was assessed at 40 years.

Initially, the appellant challenges the sufficiency of the evidence to sustain the conviction.

Edward L. Loyd, an employee of the Pinkerton International Detective Agency, was working as an undercover agent with the Dallas Transit Company posing as a bus driver. In that capacity, on the night of September 30, 1969, he was driving a bus on its regular route in the City of Dallas. He testified that the appellant got on the bus between 9:30 and 10 p. m. and rode the bus for approximately three and a half hours on its runs and, then, around 1:30 a. m. on October 1, 1969, when there was only one other passenger on the bus, the appellant pulled a pistol and took from him $40 or $50, including the money changer. Mrs. Gladys Carson, a passenger, testified

she saw the appellant approach the bus driver and then flee from the bus with the money changer. She related that she could not hear the conversation between the two men and did not see a gun as appellant's body was positioned in such a way as to block her view of what was transpiring in the front of the bus.

Loyd testified that he was in fear of his life, that the money was taken from his custody without his consent.

The appellant did not testify nor offer any evidence.

Viewed in the light most favorable to the jury's verdict, the evidence is sufficient to support the same. Appellant's contention that the evidence shows theft rather than the robbery charged is without merit.

Next, appellant complains that the court erred in overruling his motion for mistrial when the State introduced "evidence of an extraneous offense having no relation to the offense charged in the indictment."

David Stromile testified that on October 1, 1969 (approximately 20 hours after the alleged offense), he drove to a drug store in Dallas to pick up his sister who worked there. Upon arrival, he observed the appellant standing near a pole in front of the store. The appellant walked to the Stromile car and stated to him, "You messed me up." Upon Stromile's inquiry as to appellant's meaning, appellant stated, "I'm going to get some money."

The only objection to such testimony was that it was "hearsay." It was properly overruled. Thereafter, upon request, the jury was retired and the mistrial motion was made on the basis that the State was attempting to show an extraneous offense. It was overruled. Then, in the presence of the jury, Stromile testified he asked the appellant, "Do you want me to leave?" and the appellant answered, "Yes." Stromile left and then called the police. Upon returning, he saw the appellant under arrest at a different location. On cross examination, he related that as far

as he knew "nothing happened" at the drug store.

■ While it appears that the State was skating on thin ice since there was no basis for the admission of an extraneous offense, we conclude that, in light of the testimony offered, and that such evidence reflected the fact of appellant's arrest, no reversible error is presented. See Chambers v. State, 462 S.W.2d 313 (Tex.Cr.App. 1971).

In *Chambers,* the witness reported the suspicious conduct of a group of men to the police along with the license number of their vehicle. He did not testify the group had engaged in any criminal activity and their acts were not shown to relate to any offense. The evidence was offered to show the steps eventually leading to appellant's arrest.

Next, appellant contends the error was compounded when the prosecutor made reference to Stromile's testimony during "the arguments on the appellant's guilt or innocence."

The prosecutor argued that the appellant's "last mistake" was in talking to Stromile or "[w]e might still be looking for him," and then submitted that it was "a reasonable deduction from the evidence that you know what was about to take place there." The only objection was, "I object to that, Your Honor," which was overruled.

Earlier, appellant's counsel had first broached the subject matter in his argument and accused the State of trying to "backhandedly" involve the appellant in some other offense. He then asked, "Don't you know if anything happened out there, they would have been glad to blurt it out to you when we asked those questions?"

■ It would appear the argument complained of was clearly invited and does not present reversible error.

Appellant also complains of the prosecutor's argument at the penalty stage of the trial that there was "a crisis in this country." Appellant's objection was properly sustained and the jury was instructed to disregard the argument. Apparently being satisfied, no further relief was requested.

Joyner v. State, 436 S.W.2d 141 (Tex. Cr.App.1969), relied upon by the appellant is not in point. Not only are the arguments different when considered in the context in which they were made, but in *Joyner,* the court noted in the opinion on rehearing that the defendant had requested further relief in the form of a mistrial motion.

■ Further, appellant complains he was deprived of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the State introduced a prior misdemeanor conviction against him at the penalty stage of the trial when he did not have counsel at the time of such conviction.

Appellant's complaint relates to a conviction in 1969 in Dallas County for unlawfully carrying a knife. On direct examination, appellant first admitted that he had been so convicted. On cross examination, without objection, the conviction was pinned down to cause number, court, etc. Thereafter, the State offered certified copies of the judgment and sentence into evidence. The only objection was ". . . I proved it up. Now he's proved it up. Now he wants to prove up the same thing, three different times."

For the first time, in his appellate brief, appellant contends that he "was not represented by counsel" and that the formal judgment and sentence are silent as to counsel. No other claim is advanced.

In Taylor v. State, 470 S.W.2d 663 (Tex.Cr.App.1971), this court said:

"First, it is observed that no objection was urged at the time these documents were introduced, *and no claim is ad-*

*vanced even now that at the time of such conviction the appellant was indigent, without counsel and did not waive the right of counsel, or that he was deprived of counsel in any manner."* (Emphasis supplied.).

We conclude *Taylor* is here controlling.

The judgment is affirmed.