Charles Wayne OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47876.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Malcolm Dade, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before a jury of murder with malice; punishment was assessed by the court at forty-five (45) years confinement.

The record reflects that on the night of May 7, 1971, the deceased, Steven Dale Redd, went to the Stop-and-Go grocery at 4510 Scyene Road in Dallas in order to buy "something to drink." Redd, who was under age, convinced someone outside the store to purchase a bottle of wine. Steven Branton, Redd's companion who had taken Redd to the store on his motorcycle, testified that Redd talked with a group of people in the parking lot and the next time he noticed the deceased he had a sack under his arm and had met again with the people in the parking lot. Branton stated that Redd then ran from the group and got on the motorcycle with him. However, before the motorcycle was moved, several boys

surrounded the motorcycle. One of the boys pulled the bottle out of Redd's hand and at the same time pulled him off the motorcycle. While Redd was being pulled off the motorcycle, Branton was also pulled off the motorcycle and taken around to the side of the store where several boys attempted to take his billfold and watch. Branton broke and ran from this group of boys back to the motorcycle. At that time, he saw Redd running from the parking lot with his shirt ripped open. As Branton pulled alongside Redd on his motorcycle, Redd fell to his knees, and Branton noticed that Redd was covered with blood.

Mrs. Ruby Manuel testified that she was in her car in the parking lot and that she saw the aforementioned transaction. She stated that the deceased leaned on her car and said, "lady call the cops." She stated that she saw a pearl handle in appellant's hand and that he was making a motion with his hand. Another witness stated that he saw appellant stabbing Redd and that he saw Redd run from the store. The witness followed Redd and waited with him until the ambulance arrived.

Dr. William Sturner, Medical Examiner of Dallas County, examined the deceased and found a total of three wounds that could have caused death.

Appellant testified on his own behalf and admitted stabbing Redd. He stated, however, that he didn't mean to kill Redd, but merely acted because Redd was hitting him in the eye and cursing him.

The sufficiency of the evidence is not challenged.

Appellant contends in his initial ground of error that "the trial court erred in admitting into the evidence appellant's confession since it was obtained in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States."

The record reflects that on the evening of the 11th of May, 1971, Dallas Police Officer G. F. Rose executed an arrest warrant at 3724 Marshall Street and took appellant into custody. Appellant was taken before a magistrate where he was given the proper warnings.

Appellant then, after again having been duly warned, this time by Rose, signed a statement that he had stabbed Redd but that he did so because the deceased struck him and cursed him. The statement was signed in the presence of a news reporter who testified that appellant was notified of his rights and that appellant signed the statement voluntarily.

Appellant testified that Rose told him it might go better for him if he signed the statement, and that it could be used for him in a court. This was denied by Officer Rose.

The court conducted a hearing outside the presence of the jury concerning the admissibility of the confession, and made findings that the confession was freely and voluntarily given, and overruled appellant's objection to the introduction of the confession. The State did not offer that portion raising the issue of self-defense, which was offered by the appellant.

■ Appellant testified on direct examination to substantially the same facts as in his extrajudicial written confession. He cannot now be heard to complain that such was illegally obtained or improperly admitted into evidence. Randall v. State, Tex. Cr.App., 464 S.W.2d 836; Washington v. State, Tex.Cr.App., 484 S.W.2d 721, certiorari denied, 411 U.S. 921, 93 S.Ct. 1555, 36 L.Ed.2d 314; Holmes v. State, Tex.Cr. App., 493 S.W.2d 795.

Appellant's first ground of error is overruled.

■ In his second ground of error appellant contends that the punishment assessed by the court constitutes cruel or unusual punishment under the Constitution of the State of Texas. This contention is without merit. The punishment is within

the range prescribed for murder with malice under Article 1256, Vernon's Ann.P.C. We decline to hold that the punishment in the instant case was cruel or unusual. Sills v. State, Tex.Cr.App., 472 S.W.2d 119; Jordan v. State, Tex.Cr.App., 495 S. W.2d 949; White v. State, Tex.Cr.App., 495 S.W.2d 903.

Appellant's second ground of error is overruled.

Appellant contends in his third ground of error that "the trial court abused its discretion in allowing the witness, Dennis Sand, to testify as he was present in the courtroom during testimony and was not placed under the rule."

The record reflects that Dr. William Sturner testified that the autopsy revealed needle marks or injection points in the left arm of deceased. Dennis Sand, who was present in the courtroom during Dr. Sturner's testimony, was called as a witness by the State in order to describe how the needle marks were inflicted in the deceased's arm. His testimony reflected that such marks were not caused by any injections of narcotics or other drugs.

Sand was permitted to testify over appellant's objection that the witness rule had been violated.

■ Even where there has been a timely objection, the admissibility of testimony of witnesses who have violated the rule is a matter addressed to the discretion of the trial court and until the contrary appears it will be presumed on appeal that such discretion was properly exercised. Murphy v. State, Tex.Cr.App., 496 S.W.2d 608; Tijerina v. State, Tex.Cr.App., 460 S.W.2d 123; 1 Branch's Ann.P.C.2d, Sec. 365.

■ Sand had not been summoned as a witness, and had not volunteered as a witness until after he heard Dr. Sturner's testimony. The good faith of the prosecutor is not questioned.

Under the facts of this case the error, if any, would be harmless; and we do not

find that appellant has shown a clear abuse of discretion. See Berry v. State, Tex.Cr. App., 477 S.W.2d 284.

Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.