Jesse Marion BINNION, Appellant,

v.

The STATE of Texas, Appellee.

No. 53830.

Court of Criminal Appeals of Texas.

Dec. 7, 1977.

Gerald R. Lopez, Odessa, court appointed, for appellant.

John H. Green, Dist. Atty., and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for delivery of marihuana. Punishment, enhanced by two prior felony convictions, was assessed at life.

The State offered evidence that appellant sold 14.19 ounces of marihuana to Jerry Davis for $160.00. At the time of the sale, Davis was an undercover investigator working for the Ector County District Attorney's Office.

The appellant contends that "the trial court erred in excluding evidence which could have impeached" Davis. During cross-examination, Davis testified that he had never smoked any marihuana and that he had never offered to sell any heroin to the appellant.

The appellant offered the testimony of Linda Hickman and Carroll Bowman in an effort to impeach these statements. The trial court excluded most of Hickman's and all of Bowman's testimony. Hickman did testify at one time before the jury that she saw Davis offer to sell the appellant heroin. After lengthy argument, the trial court ruled that this was a collateral matter and sustained the State's objection. By way of a bill of exception, appellant shows that Hickman would have testified that she saw Davis offer to sell heroin to the appellant, and that she had seen Davis smoking marihuana.

The court excluded all of Bowman's testimony, but the bill of exception shows he would have testified that he saw Davis offer to sell the appellant some heroin.

■ Evidence of specific acts of misconduct by a witness is not generally admissible for impeachment purposes. *Hoffman v. State*, Tex.Cr.App., 514 S.W.2d 248; *Ran-*

*dolph v. State,* Tex.Cr.App., 499 S.W.2d 311; *Thrash v. State,* Tex.Cr.App., 482 S.W.2d 213. An exception to this rule is set forth in *Montemayor v. State,* Tex.Cr.App., 543 S.W.2d 93. In *Montemayor,* this Court stated:

"It is fundamental that when a witness in a criminal case testifies about a specific fact or event, and that fact or event is more than a very minor detail of his testimony, then the opposing side may present evidence to rebut the testimony. Such impeachment goes directly to the credibility of the witness, a factor that in many cases may critically affect the outcome of the prosecution. E. g., *Daley v. State,* Tex.Cr.App., 491 S.W.2d 932; *Simons v. State,* 167 Tex.Cr.R. 15, 317 S.W.2d 740; *Freeman v. State,* 166 Tex. Cr.R. 626, 317 S.W.2d 726; *Redding v. State,* 161 Tex.Cr.R. 53, 274 S.W.2d 712 (on motion for rehearing)."

The testimony of Davis that he had never offered to sell heroin to appellant and that he had not smoked marihuana cannot be considered as minor details of his testimony.

The proffered impeachment testimony went to the credibility of the witness and had a relationship to the instant case.

The State urges that the witness Hickman did in fact get her testimony before the jury that Davis offered to sell appellant heroin. The record reflects that immediately prior to the court retiring the jury the following transpired:

"Q. [defense counsel] . . . Now, at that time, did you see Mr. Davis approach Jesse and ask him if he wanted to buy some heroin?

"A. Yes, sir, I did.

"Q. Would you describe the circumstances and tell us what happened."

At this point, the jury was removed from the courtroom and the witness answered in response to the prosecutor's question that she could not testify that the events in question happened on March 12, 1975, the date of the alleged sale.

Appellant then developed his bill of exception in which Hickman testified that she saw Davis smoking marihuana "at that time or around that time" and that appellant told Davis "to get away from him." In response to further questioning as to the date, Hickman answered in the affirmative to a question whether the events happened "around March 12." Hickman stated that Davis tried to talk appellant into selling for him and told him "he wouldn't have to worry about the law if he did go in with him." The bill of exception further included the testimony of one Carroll Bowman that Davis tried to approach appellant "around March 12" and offered to sell him some heroin and that he heard Davis try to talk appellant into selling heroin.

While Hickman did testify before the jury that Davis did approach appellant and ask if he wanted to buy heroin, this was but a small portion of the relevant impeachment testimony proffered by appellant in his bill of exception.

The State further urges that "the witness could not testify as to the date of the alleged transactions." We find the testimony in the bill places the date of the matters constituting the impeachment testimony at a time so as to relate to the offense upon which appellant was tried.

The State further urges that if this Court had had the opportunity to observe the two impeachment witnesses as they testified out of the presence of the jury, "it, too, may have detected a definite competency question apart from irrelevance." Our attention is directed to testimony of one of the impeachment witnesses that the smell of marihuana "drives my dog sexually crazy."

It may very well have been that the jury would not have found the testimony of the two impeachment witnesses believable and chosen to completely reject same. Nonetheless, the jury was the sole judge of the credibility of the witnesses and we are not at liberty to speculate on who it would have chosen to believe.

■ The exclusion of the proffered impeachment testimony was error and requires reversal of this cause. *Montemayor v. State,* supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.