Daniel Craig COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 55445.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 21, 1979.

**402**

G. Bert Smith, Jr. (on appeal only), Andrews, for appellant.

John H. Green, Dist. Atty. and Dennis Cadra, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for delivery of amphetamine. The penalty, upon proof of a prior final felony conviction, was assessed at 20 years' imprisonment and a $10,000.00 fine.

Appellant's first ground of error challenges the trial court's exclusion of a defense witness's testimony as a violation of his Sixth Amendment (U. S. Constitution) rights. After the State concluded its case-in-chief consisting of the undercover narcotic agent, Jerry Davis, and a chemist, the defense called Ronnie Hammond. It was disclosed on the record that this witness had entered the courtroom after the rule to sequester witnesses (Article 36.03, V.A.C. C.P.) had been invoked by appellant and relevant instructions given by the judge, and had been present for the presentation of the State's case. His testimony related to a sale of white pills made by the undercover agent to the appellant at the University Lounge at around 11:30 p. m. or 12:00 midnight on the date of the charged offense and after the alleged delivery of amphetamine by appellant to the agent. The latter transaction occurred at a table occupied by five persons—appellant, witness Hammond, Lynn Reed, Steve Matteson, and Agent Davis. Appellant's trial counsel argued that Hammond's testimony was important *impeachment* evidence in light of Agent Davis's denial of any such transaction in the course of his cross-examination. The trial court excluded Hammond as a witness because (1) he violated the sequestration rule and (2) his testimony constituted impeachment of Agent Davis on collateral matters.

The trial court was in error concerning his second reason for exclusion of the testimony. *Binnion v. State*, Tex.Cr. App., 558 S.W.2d 485, involved the same undercover agent and impeachment testimony. There the exclusion of such evidence was deemed reversible error because evidence relating to drug use and sale by the accusing undercover agent was important to the jury's determination of credibility and the agent's denial of such use or sale was not a minor part of his testimony. This Court relied on *Montemayor v. State*, 543 S.W.2d 93. When the guilt of the accused turns on the evidence of a single witness, the general rule against impeachment on collateral matters must not be so rigidly applied as to shield that witness from a piercing credibility review by the

fact-finder. Besides, in a drug sale prosecution, drug transactions by the condemning witness are not so clearly collateral.

■ However, there remains the first reason for excluding witness Hammond—violation of the witness sequestration rule. The trial court's enforcement of that rule is largely discretionary. *Miller v. State*, Tex. Cr.App., 455 S.W.2d 253; *Berry v. State*, Tex.Cr.App., 477 S.W.2d 284; *Brown v. State*, Tex.Cr.App., 523 S.W.2d 238. Appellant insists that the trial court's ruling here violated his Sixth Amendment right to compulsory process for witnesses and relies on *Braswell v. Wainwright*, 463 F.2d 1148 (5th Cir. 1972). Upon a review of that case and the authorities cited therein, we do not believe its ruling applies in the case before us.

In *Braswell*, as here, the witness excluded had apparently innocently violated the witness sequestration rule, and there was no indication of the petitioner's active or knowing involvement in its violation. The similarities end there. The witness excluded in *Braswell* was the *only* witness who could corroborate Braswell's self-defense version of events giving rise to the aggravated assault charges. Braswell and the witness were strangers to the barroom scene while the State's witnesses were a familiar group to each other. The panel in *Braswell* limited its decision to "the particular and extraordinary circumstances of this case . . ." (*Id.* at 1156) and noted that the trial court's action deprived Braswell of the opportunity to present a defense. Such action was termed fundamentally unfair.

Here the witness Hammond would not corroborate a defensive theory as found in *Braswell*, although his testimony lends some indirect credence to appellant's denial of delivering amphetamines to Agent Davis. Hammond's testimony was impeaching in nature. Further, the exclusion of Hammond's testimony did not foreclose the presentation of the admissible impeachment evidence since two other persons were present at the time of the latter transaction. Steve Matteson, whom Agent Davis identified as a co-defendant of appellant's in this case and who was acquitted prior to this trial, was not called. Lynn Reed, whom appellant identified as the fourth person present while he transported Matteson and Agent Davis to the Cactus Motel where the exchange occurred, was not called. Both persons were identified by Hammond as being present during Davis's alleged sale of white pills to appellant in the University Lounge.

We conclude that under the "particular circumstances" of this case the trial court's exercise of discretion in enforcing the witness sequestration rule did not violate appellant's Sixth Amendment rights secured to him through the Fourteenth Amendment. See *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); cf. *Holder v. U. S.*, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); *U. S. v. Schaefer*, 299 F.2d 625 (7th Cir. 1962). Neither did it deprive appellant of a fair trial. See Amendments V and XIV, U.S. Constitution; Article I, Sections 10 and 19, Texas Constitution. No abuse of discretion has been shown. Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains of several remarks made by the prosecutor during his argument to the jury at the punishment stage of the trial. In discussing that portion of the charge which precludes the jury from discussing how long the defendant would be required to serve any penalty they assessed, the prosecutor stated:

. . . This man has been to prison before, he was sentenced to two years in prison and he served one year in prison.

Appellant's timely objection was overruled, but the trial court instructed the jury that they were not to consider how long appellant would actually serve. The record indicates that appellant previously testified that he spent a year in the penitentiary on three drug convictions. The prosecutor also promptly withdrew his argument as well. In light of the proceedings reflected by the record, we conclude that the error, if any, was sufficiently cured by the trial court's prompt instruction to the jury. See *Parish*

*v. State*, Tex.Cr.App., 523 S.W.2d 665. We do note, however, our strong disapproval of such arguments, even when couched in the context of explaining the court's charge on limiting the jury's consideration of parole matters, and reaffirm our decision in *Clanton v. State*, Tex.Cr.App., 528 S.W.2d 250, cited by appellant. However, the argument here is not nearly as egregious as that shown in *Clanton*.

■ Later the prosecutor argued:

. . . And I am not going to sit up here and argue 20 years because you know I don't have to. That man got himself 20 years. And not only 20 years, but I think you should assess a $10,000.00 fine. Make him pay back some of that money he got. *And I submit to you he will be down there for a little while and he will be back out.*

(Emphasis added)

The trial court sustained appellant's objection, instructed the jury to disregard the comment, and reread the portion of the charge dealing with the parole law. The trial court's instruction cured the error. See *Jackson v. State*, Tex.Cr.App., 552 S.W.2d 798; *Rodriguez v. State*, Tex.Cr. App., 552 S.W.2d 451; *Parish v. State*, supra. However, we again condemn such arguments. See *Clanton v. State*, supra.

■ The appellant complains of other remarks made by the prosecutor, but nothing was preserved for review since appellant failed to make any objections to those remarks. *Smith v. State*, 541 S.W.2d 831; *Boykin v. State*, Tex.Cr.App., 516 S.W.2d 946.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error complains of an improper "have you heard" question propounded to one of his character witnesses in that such question implied that the appellant had committed the offense inquired about.

Q All right. Now, I want to ask you another question. Have you heard that twelve days ago on the 8th 1976—

MR. HARDWICK: Your Honor, I object.

THE COURT: Just a minute.

MR. HARDWICK: Your Honor, I would like to approach the Bench.

(Discussion held at the Bench out of the hearing of the Reporter and the jury.)

THE COURT: I will overrule your objection.

MR. HARDWICK: Note our exception.

Q All right. Back to the question I was fixing to ask you. Have you heard that twelve days ago on the 8th and 19th, '76 Cooper's car, a maroon '71 Chevrolet, license number BU 892, which he was driving, was stopped in the 1400 block of West Fifth Street here in Odessa, Ector County, Texas, a plastic bag containing seven packages of hashish was found in that car, have you heard that?

A No, sir.

The record reflects a general objection to an innocuous question and no further objection to the question as fully developed. No grounds are given for the appellant's objection. In order to preserve error, an objection must be timely made and the grounds of the objection must be stated. In the case at hand, error has not been preserved. See *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844; *Vela v. State*, Tex.Cr.App., 516 S.W.2d 176; *Lewis v. State*, Tex.Cr.App., 503 S.W.2d 806. Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.

DALLY, Judge, concurring.

I concur in the affirmance of the judgment, but I disagree with the majority in its discussion and holding concerning the impeachment of a witness on a collateral matter.

Appellant's initial complaint concerned his attempt to impeach the State's chief witness, Jerry Davis, a former undercover narcotics agent. Davis testified that at 10:30 one night at the University Lounge in Odessa he made a deal with appellant and appellant's companion, Steve Matteson, to

purchase some amphetamine pills. Davis said the three left the lounge and went to the Cactus Motel, where he paid $210.00 and received six hundred pills; the three then returned to the lounge. *On cross-examination* by the defense counsel, Davis testified that one Lynn Reed was not at the lounge that night, and that he (Davis) did not sell appellant any drugs that night. Appellant's counsel then attempted to call Ronald Hammond as a witness to impeach Davis' testimony which defense counsel had elicited on *cross-examination*. The State objected because Hammond had been in the courtroom during Davis' testimony in violation of the Rule, which appellant had invoked. The trial court refused to permit Hammond to testify before the jury; however, on appellant's bill of exception Hammond testified that Lynn Reed had been present at the University Lounge that night, and that he (Hammond) had witnessed Davis sell appellant six amphetamine pills at the lounge at 11:30 or 12:00 on the night in question.

Appellant urges that he was denied his Sixth Amendment right to the testimony of a witness in his behalf when the trial court refused to allow Hammond to testify. Appellant also argues that Hammond's testimony was improperly excluded under our decisions in *Montemayor v. State*, 543 S.W.2d 93 (Tex.Cr.App.1976), and *Binnion v. State*, 558 S.W.2d 485 (Tex.Cr.App.1977). I would not reach appellant's constitutional claim, because Hammond's testimony was not admissible. Consequently, appellant was not denied his right to obtain the testimony of a witness.

When a witness is cross-examined on a collateral matter, the cross-examining party cannot then contradict the witness. The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove the matter as part of his case tending to establish his plea. *Bates v. State*, Tex.Cr.App. (No. 58,338, decided 1/10/79); *Arechiga v. State*, 462 S.W.2d 1 (Tex.Cr.App.1971); *Gatson v. State*, 387 S.W.2d 65 (Tex.Cr.App.1965). See also 3A Wigmore on Evidence, Secs. 1001–1003 (Chadbourn rev. 1970); 2 Wharton's Crimi-

nal Evidence, Sec. 467 (13th ed. 1972); 1 Branch's Penal Code, 2d ed. 221, Sec. 200.

The correct rule was well stated and applied by Judge Roberts in *Arechiga v. State*, supra, as follows:

"In *Gatson v. State*, Tex.Cr.App., 387 S.W.2d 65, this Court held that when a witness is cross-examined on a collateral matter even to impeach his testimony, the cross-examining party cannot then contradict the witness. The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea . . .

"If appellant as a part of his direct evidence, had tried to prove that Serna was in the state hospital on a particular date it would have been inadmissible. The Court, in excluding the inadmissible evidence, in no way violated the due process clause of the Fourteenth Amendment to the United States Constitution as alleged by appellant . . ."

In this case the facts about which Hammond would have testified were collateral to the issue whether appellant sold Davis amphetamine. Appellant's defense was that, although he was present when the amphetamine was sold to Davis at the Cactus Motel, he did not take part in the transaction, and thus was not a party to the offense. Hammond was not present at the Cactus Motel. He said he saw Lynn Reed at the University Lounge, but did not see him leave or return with appellant, Matteson, and Davis. The mere presence of Reed at the lounge on the night in question is not evidence relevant to appellant's defense. Davis' alleged sale of amphetamine to appellant also took place at the University Lounge and occurred subsequent to the commission of the offense with which the appellant was charged. Thus, it concerns a separate incident and does not tend to prove appellant's defense.

*Montemayor v. State*, supra, and *Binnion v. State*, supra, are in conflict with *Bates v. State*, supra; *Arechiga v. State*, supra, and *Gatson v. State*, supra. *Montemayor v.*

*State*, supra, and *Binnion v. State*, supra, should be promptly overruled.

I concur in the affirmance of the judgment.