**Jobie GAMBLES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00952–CR.**

Court of Appeals of Texas, Dallas.

Jan. 6, 1983.

Joseph McNeff, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth D. Lown, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

STEPHENS, Justice.

A jury found Jobie Gambles, Jr., guilty of burglary of a habitation, as charged in the indictment, and assessed his punishment at 99 years imprisonment. On appeal, Gambles has asserted four grounds of error. We overrule his contentions and affirm the conviction.

Appellant's first two grounds of error concern the prosecutor's re-direct examination of his fingerprint expert. In the course of that examination, the prosecutor asked his witness if he had seen another fingerprint expert discussing the case with the defense attorney. Appellant's first contention is that it was error for the trial judge to overrule his objection to that question. However, the record shows that only a general objection was made. Thus, the objection was insufficient, and nothing is presented for review. *Cooper v. State,* 578 S.W.2d 401, 404 (Tex.Cr.App.1979). Appellant's ground of error number one is overruled.

Appellant's second ground of error contends that the prosecutor improperly questioned this same witness as to the content of the conversation between the other fingerprint expert and the defense attorney, and that the trial court erred by not granting his motion for a mistrial. We disagree. The trial court properly sustained the appellant's objection and prevented the prosecutor from completing the question. Error, if any, was cured by the court's prompt instruction to the jury to disregard the question. *Carter v. State,* 614 S.W.2d 821, 824 (Tex.Cr.App.1981). Appellant's second ground of error is overruled.

Appellant's third and fourth grounds of error contend that the description of the assailant given by the victim to police officers was inadmissible hearsay and was used to improperly bolster the unimpeached testimony of the complaining witness. We disagree. The description was given by the victim to police officers immediately after the crime occurred, and therefore is admissible as a res gestae statement. *Watson v. State,* 532 S.W.2d 619, 623 (Tex. Cr.App.1976). Moreover, the description given to police was not improper bolstering of the victim's testimony. Statements constituting a rape victim's complaint are admissible in the State's case in chief as direct evidence of that complaint, and this is so without regard to the spontaneity of the statement. *King v. State,* 631 S.W.2d 486, 491 (Tex.Cr.App.1982). Although the appellant was here charged with a burglary, the indictment alleged that he had committed a rape and hence the State was required to prove a rape in order to convict the appellant. Thus, we hold that this exception to the general rule against bolstering unimpeached testimony is equally warranted in the present case by the "usually strong popular aspersion which would be cast upon the [complainant] by failure to complain in cases of rape." Ray, Law of Evidence § 927, 1A Texas Practice 189, 190 (3rd ed. 1980), *quoted in King,* 631 S.W.2d at 491. Appellant's grounds of error three and four are overruled.

The judgment of the trial court is affirmed.