Jerry Dowell FLOYD, Appellant,

v.

STATE of Texas, Appellee.

No. 11–83–030–CR.

Court of Appeals of Texas, Eastland.

Nov. 10, 1983.

Robert D. Andron, Rhodes & Heatherly, Abilene, for appellant.

Jorge A. Solis, Dist. Atty., Abilene, for appellee.

Before McCLOUD, C.J., and RALEIGH BROWN and DICKENSON, JJ.

McCLOUD, Chief Justice.

This is an appeal from an aggravated robbery conviction. Appellant's punish-

ment, enhanced by two prior convictions, was set at life imprisonment.

Appellant was charged by two separate indictments with attempted capital murder and aggravated robbery. The cases were consolidated for trial. The jury found appellant guilty in each case. The trial court, however, granted appellant a new trial in the attempted capital murder case. This appeal is concerned only with the aggravated robbery conviction.

The evidence reflects that on October 25, 1982, at about 1:00 a.m., the appellant entered a Skinny's store, pointed a gun at the cashier, and took the money that was in the cash register. Joel Lujan, an Abilene Police Officer, while responding to the robbery call, intercepted the vehicle described on the police radio. The officer testified that during the chase, the appellant fired two shots in the direction of the officer's vehicle.

There is no challenge to the sufficiency of the evidence. Appellant's brief contains two grounds of error.

■ Appellant first argues the trial court abused its discretion in permitting State's witnesses to testify after they had violated the "rule" regarding witnesses. See TEX. CODE CRIM.PRO.ANN. arts. 36.03 and 36.-05 (Vernon 1981).

The record reflects some minimal conversation about the case between witnesses, English, Ramirez, and Rodriquez in the hallway. The record fails to establish that any of the witnesses attempted to influence the testimony of another witness. There is evidence that Officer English merely told one of the witnesses to "just tell the story the way it happened." Each of the witnesses was a witness to a different aspect of the episode. The trial court did not abuse its discretion in overruling appellant's objection. *Owens v. State,* 503 S.W.2d 271 (Tex. Cr.App.1974).

Appellant next contends the prosecutor committed reversible error during jury argument by commenting on appellant's failure to testify. The prosecutor argued:

Now, when you shoot at somebody with a gun, I don't care what the circumstanc-

es are that you may now be able to look back and say "Well, he likely wasn't going to hit him." That's not the issue either. We don't know what was running through Jerry Floyd's mind and we never will, and there's no way we can unless he tells us. . . .

The appellant's objection was sustained and the court instructed the jury to disregard any comment regarding the appellant's failure to testify. Appellant's request for a mistrial was overruled.

The State argues that the prosecutor's remarks were in response to appellant's argument that if appellant did in fact shoot at the officer, he did not intend to kill the officer, but that he only attempted to probably "scare him off." After the court instructed the jury to disregard the comment, the prosecutor continued:

But the point I was trying to make is, what was in the defendant's mind, we don't know. You have to infer from all of the circumstances as to what he was trying to do. And again, the issue is, did he shoot at the police officer.

■ The challenged comment unmistakably refers to the attempted capital murder case involving the shots fired at the police officer. A new trial has been granted in that case by the trial court. The issue is whether or not the prosecutor's indirect comment constitutes reversible error as to the aggravated robbery conviction on appeal. The court in *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967) held that a comment on a defendant's failure to testify can, under some circumstances, be harmless error. The test is whether the language used was manifestly intended or was of such a character when looked to from the standpoint of the jury that the jury would naturally and necessarily take it to be a comment on the appellant's failure to testify. *Bird v. State,* 527 S.W.2d 891 (Tex.Cr. App.1975). The prosecutor's comment in the instant case did not in any way relate to the aggravated robbery case. The comment specifically related to the appellant's intent when he shot at the officer. The jury would not naturally and necessarily

consider it to be a comment on appellant's failure to testify in the aggravated robbery case on appeal.

We conclude after considering all the evidence, beyond a reasonable doubt, that the indirect comment did not contribute to the aggravated robbery conviction and the penalty assessed for that separate offense in this consolidated trial.

■ We hold, under the peculiar facts of this case, that the prosecutor's comment was harmless beyond a reasonable doubt. *United States v. Corral-Martinez,* 592 F.2d 263 (5th Cir.1979); *Thompson v. State,* 537 S.W.2d 732 (Tex.Cr.App.1976); *Armstrong v. State,* 502 S.W.2d 731 (Tex.Cr.App.1973); *Ford v. State,* 477 S.W.2d 27 (Tex.Cr.App. 1972).

The judgment of the trial court is affirmed.

DICKENSON, Justice, dissenting.

I respectfully dissent. TEX.CODE CRIM.PRO.ANN. art. 38.08 (Vernon 1979) specifically declares:

Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

*Johnson v. State,* 611 S.W.2d 649 at 650 (Tex.Cr.App.1981), states:

A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions.... If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed....

(T)he prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury.

Appellant was being jointly tried for two offenses, aggravated robbery and attempted capital murder. There was a single trial, and when the prosecutor commented on appellant's failure to testify in his own behalf[1] as to the attempted capital murder, it constituted a violation of Article 38.08, supra. I believe the jury would "naturally and necessarily take it to be a comment on the defendant's failure to testify," not only as to one offense but also as to the other offense which was being tried at the same time. The trial court correctly granted a new trial on the attempted capital murder case. In my judgment, the trial court should have also granted a new trial in the aggravated robbery case, and this court should reverse that conviction and remand the cause for trial.

___

1. "We don't know what was running through Jerry Floyd's mind, and we never will. And there's no way we can *unless he tells us.*" (Emphasis added)