**Charles Phillip PARRACK, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11-87-284-CR.**

Court of Appeals of Texas,
Eastland.

June 16, 1988.

Rehearing Denied July 14, 1988.

John E. Gleaton, Comanche, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Charles Phillip Parrack of aggravated robbery[1] and assessed his punishment at confinement for 20 years.[2] We affirm the conviction.

There is no challenge to the sufficiency of the evidence. The jury found that appellant was a party to the armed robbery of a gasoline station in Stephenville which occurred on April 27, 1986.

Appellant presents a single point of error. He argues that the trial court erred in allowing the testimony of a State's witness who had been in the courtroom after "the Rule" had been invoked.

---

1. TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974) defines the offense and classifies it as a felony of the first degree.

2. TEX.PENAL CODE ANN. sec. 12.32 (Vernon Supp.1988) states that a person convicted of a felony of the first degree shall be confined for life or for any term of not less than five nor more than 99 years. An optional fine of not more than $10,000 is also authorized in addition to imprisonment.

Appellant cites TEX.R.CRIM.EVID. 613 which reads in full as shown:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Appellant cites *Archer v. State*, 703 S.W. 2d 664 (Tex.Cr.App.1986), in support of his contention that the trial court abused its discretion in permitting this witness to testify. The witness in question had served as the court bailiff during the trial and had been present in court during all of the testimony given by the other witnesses.

The bailiff had not been scheduled to testify and, consequently, had not been sworn and "placed under the Rule" at the commencement of trial with the other witnesses. The first phase of the trial was completed on October 20, 1987, at 7:36 p.m. when the jury was excused until 9:00 a.m. on the next morning for the punishment phase of trial. The trial court permitted appellant to remain on bond. The next morning appellant failed to appear, and the punishment proceedings were completed in his absence pursuant to TEX.CODE CRIM. PRO.ANN. art. 33.03 (Vernon Pamph.Supp. 1988).

The probation officer was not able to identify appellant because appellant had absented himself from the proceedings before the probation officer arrived; however, that witness identified a photograph of appellant as being the person placed on probation for the burglary of a habitation in Palo Pinto County on January 14, 1977. The bailiff was then called by the district attorney to prove that the photograph was of the same man who was on trial in this case, and the record shows the following:

Q: As Bailiff of this court, were you in the courtroom yesterday, October twentieth of nineteen eighty-seven, during the trial of this case that we're now considering, Number 8443?

A: Yes, sir, I was.

Q: And while you were in this court, were you present when the Defendant, Charles Phillip Parrack, entered his plea of not guilty in this case?

A: Yes, sir, I was.

Q: Were you present through the entire proceedings and the—in the trial and through the time that the jury rendered its verdict of guilty last evening?

A: Yes, sir.

Q: I want to ask you to look at State's Exhibit Number Two, it's been marked by the Court Reporter, if you will, and ask you if you can identify the individual depicted in that photograph?

A: Yes, sir, I can.

Q: Who is that?

A: That's Charles Parrack.

Q: Is that the same Charles Phillip Parrack that was in this courtroom yesterday and entered his plea of not guilty in this Cause Number 8443—

MR. GLEATON: —Before he answers, Your Honor, I'm going to object to all of his testimony, the rule was invoked in this case yesterday and the Bailiff has been here and throughout the proceedings, I don't think he would be a qualified witness in this case.

THE COURT: I'll overrule that objection.

Q: Is that the same Charles Phillip Parrack that was on trial here in this cause, Number 8443, that we're trying right now and yesterday in this courtroom?

A: Yes, sir, it is.

The Court of Criminal Appeals noted in *Archer*, 703 S.W.2d at 666, that the purpose of this rule [TEX.CODE CRIM.PRO. ANN. art. 36.03, repealed by the adoption of the Texas Rules of Criminal Evidence and replaced by Rule 613, supra] is "to prevent the testimony of one witness from influencing the testimony of another." Clearly, there was no violation of the purpose of the rule in permitting the bailiff to identify the photograph. His testimony

could not have been influenced by the testimony of the other witnesses. The bailiff's testimony was based upon his observation of appellant and a comparison of that observation with the photograph. Appellant has not shown an abuse of the trial court's discretion. See also *Green v. State,* 682 S.W.2d 271 at 294 (Tex.Cr.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Floyd v. State,* 662 S.W.2d 683 (Tex.App.—Eastland 1983, no pet'n).

The judgment of the trial court is affirmed.