John A. MOTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41304.

Court of Criminal Appeals of Texas.

June 5, 1968.

Rehearing Denied July 24, 1968.

Claude R. Bailey, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is robbery by assault with firearms; the punishment, twelve years.

Three grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

In his first ground, appellant insists that the court erred in failing to give the jury instructions as "set out in Article 35.23 of the Code of Criminal Procedure" before they separated during the first recess taken in the trial.

Art. 35.23, supra, provides, in part, as follows:

"In any case in which the jury is permitted to separate, the court shall

first give the jurors proper instructions with regard to their conduct as jurors when so separated."

While the court's instructions at such time did not constitute a strict compliance with Art. 35.23, supra, we find no reversible error, as the record reflects that the careful trial judge, prior to voir dire examination, informed the jury panel that the jury would be permitted to separate during recesses, and fully instructed the panel with regard to their conduct as jurors when so separated. We do not construe Art. 35.23 as requiring the judge to give instructions to the jury before each recess taken in the case. The ground of error is overruled.

 In his second ground of error appellant complains of certain jury argument of state's counsel on the issue of guilt or innocence.

In his opening argument to the jury, counsel for the state, in discussing reasonable doubt and why "defendants" were acquitted, made a statement to which appellant objected and upon which the court ruled, as follows:

"[MR. CASILLAS]: I don't know why people are turned loose. Maybe I could tell you, but we might have a mistrial, and enough shouts of a mistrial have been made over there.

"MR. BAILEY: I am going to object to that, Your Honor. No evidence whatsoever that there has been any mistrial in this Court before. Tell him to stay within the record if he will, please.

"THE COURT: All right. That will be overruled. But let's talk about the facts of this case, Counsel."

In his brief, appellant contends that counsel's statement was prejudicial because it was a comment upon a mistrial a week before the instant trial.

We do not so construe the statement, as it reasonably appears that counsel was implying that there might be a mistrial if he made certain statements. We perceive no reversible error. The ground of error is overruled.

 In his third ground of error, appellant insists that the court erred in permitting Officer Zapata to refer to certain pictures which he received from Houston and were used in the identification of appellant by the complaining witness.

Appellant insists that the reference to the pictures was prejudicial to him in that it insinuated he had been charged with robbery in Houston.

It should first be noted that no objection was made to the testimony of Officer Zapata of which appellant complains. Nor did the officer's testimony imply that appellant had been charged with a robbery in Houston. No photographs of appellant were introduced in evidence. The reference by state's counsel to the pictures in jury argument does not sustain appellant's contention of error. The ground of error is overruled.

The judgment is affirmed.