Juan PENA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–093–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1983.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the felony offense of murder. Following a jury trial, appellant was found guilty, and punishment was assessed by the jury at thirty-five years confinement in the Texas Department of Corrections. Appellant raises four grounds of error. The sufficiency of the evidence is not challenged on appeal. We affirm.

In the first ground of error, appellant contends that the trial court committed reversible error by overruling his motion to dismiss the indictment as violative of the Speedy Trial Act. TEX.CODE CRIM. PROC.ANN. art. 32A.02, section 1 (Vernon Supp.1982–83). The record shows that appellant was taken into custody on August 23, 1982, when he surrendered to a police officer in the parking lot of the Corpus Christi Police Department. Appellant was incarcerated continuously from that date through the trial on the merits, which began March 14, 1983.

The facts of the case reflect that, on or about September 10, 1982, appellant was indicted for the offense of murder in cause number 82–CR–854–E. Trial was set for November 1, 1982. On that date, both the state and appellant appeared before the court and announced ready for trial. Due to conflicts in the court docket, the case was reset for December 13, 1982. On December 13, 1982, both the District Attorney and counsel for defense appeared before the court and again made announcements of ready. On that date, another felony case was reached and appellant's case was reset for February 7, 1983. At the February 7th setting, the state announced that the case pending under cause number 82–CR–854–E would be dismissed due to the fact that the initial indictment was fundamentally defective. On February 8, 1983, a hearing was held on appellant's motion to dismiss the original indictment. At this hearing, the state announced that appellant had been reindicted as of February 4, 1983, in cause number 83–CR–132–E for the same offense. The state filed a written announcement of ready for trial in the new cause number on February 8, 1983.

On February 25, 1983, appellant filed a motion to dismiss the second indictment (cause number 83–CR–132–E) pursuant to the Speedy Trial Act. Pretrial motions were heard on March 9, 1983, at which time appellant's motion to dismiss was denied.

The case proceeded to trial on March 14, 1983.

Appellant contends that the state had not announced ready under the present indictment within the 120-day statutory time limit. Appellant argues that the state's previous announcements of ready under the first cause number 82–CR–854–E were ineffective announcements because the state was proceeding under a faulty indictment. The state responds that its announcements of ready in the earlier cause number were sufficient to satisfy the Speedy Trial requirements. The February 4, 1983 cause number was merely the result of a re-indictment for the same offense, and the Speedy Trial requirements were also met. We agree.

▇▇ Until appellant timely and properly invoked the provisions of the Act, the state did not have to make any declaration or announcement that it was ready for trial, or that it had been in the past ready for trial, or that sufficient periods of time were exclusive under the Act. *Smith v. State,* 659 S.W.2d 828 (Tex.Cr.App.1983); *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979); *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). Once appellant timely filed and urged his motion to dismiss, which was after the statutory 120-day time period had expired, the state declared its readiness for trial then and at the times required by the Act. *See Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980); and *Barfield v. State,* 586 S.W.2d at 542. These declarations, combined with the state's previous announcements of readiness for trial under the old cause number within the statutory time period, constituted a prima facie showing of conformity to the Act. At that point, appellant had the burden to rebut the state's announcements of ready for trial by introducing evidence demonstrating that the state was not ready for trial during the applicable time limits. *Smith v. State,* 659 S.W.2d 828 (Tex.Cr.1983); *Barfield v. State,*

586 S.W.2d at 542; *Loftin v. State,* 624 S.W.2d 351, 352 (Tex.App.—Dallas 1981, d.r. ref'd).

▇▇ The Court of Criminal Appeals has held that the existence of a valid charging instrument is an element of the state's preparedness. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980). We note, however, that the Speedy Trial Act does not require that the state be ready with a perfect indictment. Although it may be true that the defect in the first indictment would have required a mistrial or reversal of a conviction, the presence of such a problem does not necessarily indicate that the state was not ready for trial. *Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983). Like other causes for trial delay, the nature of the defect and the length of reasonableness of delay are to be weighed in determining whether or not the state is indeed not prepared for trial. *Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983); see *Kernahan v. State,* 657 S.W.2d 433 (1983).

▇▇ In the instant case, the state moved to dismiss the first indictment upon discovering a fundamental defect in the manner in which the offense was alleged, based on a recent ruling by the Court of Criminal Appeals.[1] Appellant had already been re-indicted for the same offense alleged to have occurred on the same day against the same complainant. Therefore, there was no undue delay between the dismissal of the first cause number and the re-indictment in the present cause.

▇▇ We hold that the state established a prima facie showing of compliance with the Act by announcing ready for trial in the present cause number 83–CR–132–E at the hearings on the motions to dismiss. Further, the state established that it had been ready and had announced ready in cause number 82–CR–854–E within the time limits of art. 32A.02, section 1. The state established that any delay in getting to trial was due to the court's inability to try the

---

1. The prosecutor explained at the February 8, 1983 hearing on the motion to dismiss that the state firmly believed that the first indictment would be fundamentally defective because of the failure to properly allege the culpable mental state as suggested in the *first* holding of *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex.Cr. App.1983) (Opinion on Motion for Rehearing).

case at that time and not the result of prosecutorial delay. See *Barfield v. State,* 586 S.W.2d at 541.

■ Appellant has not shown that the state's announcement of ready was not made in good faith or that the state was otherwise unprepared for trial. Appellant failed to show that the present indictment was not merely a re-indictment for the same offense. The appellant has not sufficiently rebutted the state's claim of preparedness for trial. See *Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983); *Barfield v. State,* 586 S.W.2d at 541. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains that the trial court abused its discretion in allowing a witness to testify who was present in the courtroom after the rule regarding witnesses had been invoked. Article 36.03 of TEX.CODE CRIM.PROC. ANN. (Vernon 1981) states:

"At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. . . ."

■ Even where there has been a timely objection, the admissibility of testimony of a witness who has remained in the courtroom while another witness is testifying is within the sound discretion of the trial court. *Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979); *Holmes v. State,* 169 Tex.Cr.R. 343, 333 S.W.2d 842 (1960). A great deal of latitude is confided in the trial judge with regard to his decision concerning the applicability of the "rule" to a particular witness, and the exercise of this discretion will not be reversed on appeal except in cases of clear abuse. *Owens v. State,* 503 S.W.2d 271 (Tex.Cr.App.1974); *Berry v. State,* 477 S.W.2d 284 (Tex.Cr.App. 1972).

In the instant case, the state called a rebuttal witness named Arnold Herring after appellant had invoked the "rule." Herring was not scheduled as a witness for the state and was not placed under the rule

with the other witnesses. The record reflects, however, that Herring was in the courtroom during at least part of appellant's own testimony. At some point thereafter, Herring informed the prosecutor that he could be available as a witness. Herring stated that approximately ten minutes before he was actually called by the state, the prosecutor told him outside the courtroom that he would be a witness in the case only as to truth and veracity and as to threats to the decedent.

■ Appellant does not question the good faith of the prosecutor. Under the facts of this case, the error, if any, was harmless. Appellant has not shown a clear abuse of discretion. *See Alston v. State,* 170 Tex.Cr.R. 17, 338 S.W.2d 723 (1960). Ground of error number two is overruled.

In his third ground of error, appellant contends that the trial court erred in admitting into evidence a photograph of the deceased at the hospital because the photograph only inflamed the minds of the jurors and had no probative value.

■ In *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972), the Court of Criminal Appeals delineated the proper standard for admission of a photograph:

". . . [I]f a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

*Martin* also specified that the determination as to the admissibility of photographic evidence is left to the trial court's discretion. *Martin* at 267; *see also Harris v. State,* 661 S.W.2d 106 (Tex.Cr.App.1983); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980).

Appellant contends that the introduction of the photograph in question through the testimony of the fourteen-year-old daughter of the deceased was only for the purpose of inflaming the minds of the jurors. The

photograph depicts the deceased lying naked on a table with several tubes inserted in her body. Although the photograph in question is less than pleasant, we do not find that it could be characterized as gruesome. Prior to the introduction into evidence, the state explained to the court that the photograph was offered for the purpose of identification. This daughter, unlike the other daughter of the deceased that testified, had previously testified that she witnessed appellant thrusting the knife at her mother, causing her mother to slump down immediately thereafter. The witness identified the picture as a fair and accurate representation of her mother as she appeared on August 23, 1982, although she stated on voir dire examination that she was not permitted to see her mother at the emergency room as was depicted in the photograph. The court allowed the black and white photograph to be admitted into evidence following voir dire examination of the witness by defense counsel. We note that the treating physician, Dr. Frederick John Merchant, later identified the photograph admitted as State's Exhibit 12.

 As in any homicide, a photograph of the body or a description of the body may reveal the manner of death and, therefore, is at least probative evidence of appellant's culpable mental state. *Reimer v. State,* 657 S.W.2d 894 (Tex.App.—Corpus Christi, 1983 no d.r.). We find nothing in the instant case which would inflame a reasonable person sitting as a juror. *Martin* at 267. We hold that the trial judge did not abuse his discretion in admitting the photograph. Appellant's third ground of error is overruled.

 In his fourth and final ground of error, appellant contends the trial court erred in failing to give the jury instructions as required by Article 35.23 of the Code of Criminal Procedure. Art. 35.23 of TEX.

CODE CRIM.PROC.ANN. (Vernon 1966) provides in part:

"The court may adjourn veniremen to any day of the term. When jurors have been sworn in a felony case, the court may, *at its discretion, permit the jurors to separate until the court has given its charge to the jury,* after which the jury shall be kept together ... until a verdict has been rendered or the jury finally discharged, *unless by permission of the court with the consent of each party....* In any case in which the jury is permitted to separate, the court shall first give the jurors proper instructions with regard to their conduct as jurors when so separated." (Emphasis added.)

As we understand appellant's complaint, he seems to argue that after the general instructions given to the jury when first impaneled and again before the evidence was presented, the trial court never again instructed the jury regarding their conduct when separated as prescribed by TEX. CODE CRIM.PROC.ANN. art. 35.23 (Vernon 1966). In *Moten v. State,* 429 S.W.2d 505 (Tex.Cr.App.1968), the Court of Criminal Appeals held that art. 35.23 does not require the trial judge to give instructions to the jury before each recess taken in the case where instructions regarding jury conduct when separated were given by the court prior to voir dire examination. *Moten* at 506. In the instant case, the trial judge properly instructed the jury panel at the beginning of voir dire and again at the conclusion of voir dire upon selection of the twelve jurors.[2] The following morning, prior to the introduction of evidence, the trial court informed the jury that they would be permitted to separate during recesses and instructed the jury generally on their duties and responsibilities. The trial court also instructed the jury not to "discuss this case with anyone while the case is pending."

---

2. Before dismissing the selected jurors following voir dire, the trial court stated the following:

... "Please don't discuss the case with anyone. Don't try to find out anything about this case or any other case similar to it be-

cause it isn't your duty to investigate or to try to find out something about this case. You will hear sufficient evidence to decide, if you can, from the witness stand and plus the law that I give you...."

On review of the record, we take notice that following the return of the guilty verdict, appellant personally consented to a jury separation as provided for in the statute. The record reflects that appellant signed an agreement permitting the jury to separate under proper admonitions by the court as provided in TEX.CODE CRIM. PROC.ANN. art. 35.23 (Vernon 1966). The trial court sufficiently admonished the jury regarding their conduct on separation. We also note that appellant has made no effort, either in the trial court or upon appeal, to show harm or that any juror was guilty of misconduct during any separation period. *See Johnson v. State,* 469 S.W.2d 581 (Tex. Cr.App.1971); *Romero v. State,* 458 S.W.2d 464 (Tex.Cr.App.1970). There being no reversible error, appellant's fourth ground of error is overruled.

Judgment of the trial court is affirmed.