**Mark Amos WEBB, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–402–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1985.

Rogers, Turner & Cooke, P.C. and Michael S. Griffin, Cleburne, for appellant.

Tim Curry, Criminal Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and GRAY, JJ.

## OPINION

GRAY, Justice.

Appeal is taken from a conviction for rape (TEX.PENAL CODE ANN. sec. 21.02 (Vernon 1974)) wherein the jury assessed four years in the penitentiary. In ground of error number one, appellant contends that the court erred in denying appellant's motion for mistrial after the prosecutrix testified following an alleged violation of the rule.

We agree and reverse and remand.

The prosecutrix was a 24-year old female who, according to testimony, had the mental capacity of a child of six or seven years. A hearing was held by the court to determine the competency of the prosecutrix after the witnesses had been placed under the rule in accordance with TEX.CODE CRIM.PROC.ANN. arts. 36.03 and 36.06 (Vernon 1981).

At the competency hearing, upon questioning of the prosecutrix, the following transpired:

Q. Do you know Mr. Webb [appellant]?

A. Huh-uh.

Q. Have you ever seen him before?

A. *No.*

[Later during the hearing:]

Q. Can you identify that person [the attacker]?

A. Uh-huh.

Q. Can you tell me if he's in this courtroom?

A. Yeah.

Q. Can you point him out for me?

A. He's not in here.

Q. Okay. Can you look around in here and see if he's anywhere in here?

A. *No.* [Emphasis added.]

The appellant was in the room during the competency hearing, and the prosecutrix said she had never seen him before. When she was asked to identify the man who had raped her, she said he was not in the room.

Thereafter, the court found the prosecutrix competent to testify and testimony began before the jury. The sister of the prosecutrix was called by the State and she testified that she knew appellant. The prosecutor asked the sister to identify appellant by counting down the counsel table from right to left (a common practice). The sister counted and identified appellant as "fourth person".

■ Following the testimony of the sister, a recess was called and prosecutrix and her sister went to the restroom. Prosecutrix testified next for the State, and, after describing her ordeal and attack, she testified as follows:

Q. Now, Robin, this man that did this to you, is this man in the courtroom today?

A. Yeah.

Q. Okay. Can you point him out to me?

A. Uh-huh, *he's number four.* [Emphasis added.]

At a later hearing on appellant's motion for mistrial prosecutrix denied having gone to the restroom with her sister even though the sister confirmed that she had. Prosecutrix further denied having any conversation with her sister during a lunch break on that day but this was also contradicted by the sister. Even though there is no direct evidence that prosecutrix and her sister violated the rule, we believe that all of the circumstances lead only to the conclusion that they did. Prosecutrix's response, "Uh-huh, he's *number four*", cannot be called a coincidence.

■ The question arises, therefore, whether the trial court erred in denying a mistrial after this violation. Of course, the decision as to whether a witness who has violated the rule may thereafter testify is

within the sole discretion of the trial court. *Pena v. State*, 662 S.W.2d 430, 434 (Tex. App.—Corpus Christi, 1983, no pet.), citing *Beecham v. State*, 580 S.W.2d 588 (Tex. Crim.App.1979). Great latitude is given the trial judge and the exercise of his discretion will not be reversed on appeal except in cases of *clear abuse*. *Owens v. State*, 503 S.W.2d 271, 273 (Tex.Crim.App. 1974). Here, we hold there was clear abuse of discretion—viewing the matter in its entirety—and that a mistrial should have been granted. Therefore, the appellant's first ground of error is sustained.

▇ In so holding, we do not cast any reflection on the trial judge. Abuse of discretion does not imply intentional wrong or bad faith, or misconduct, but means only an erroneous conclusion. *State v. Draper*, 83 Utah 115, 27 P.2d 39, 50 (1933).

Since this case is being reversed and remanded on the appellant's first ground of error, it is not necessary for us to address the remaining two grounds.

Reversed and remanded.