**Ex Parte Mark Amos WEBB.**

**No. 2–86–298–CR.**

Court of Appeals of Texas,
Fort Worth.

June 4, 1987.

Rehearing Denied July 2, 1987.

Alley & Alley, and Richard Alley and George Mackey, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Betty Stanton, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Mark Amos Webb, appeals from the trial court's denial of his application for a writ of habeas corpus. We affirm the decision of the court below.

Appellant was convicted of rape. *See* TEX.PENAL CODE ANN. sec. 21.02 (Vernon 1974). This court subsequently reversed appellant's conviction on appeal and remanded the cause for a new trial. *See Webb v. State,* 634 S.W.2d 800 (Tex.App.—Fort Worth 1985, no pet.).

In his sole ground of error, appellant now alleges the complaining witness has never been able to identify him as her attacker and this court has determined this issue in his favor. Therefore, appellant argues his retrial would violate the double jeopardy guarantees of the United States and Texas Constitutions. *See* U.S. CONST. amend. V; TEX. CONST. art. 1, sec. 14. Additionally, appellant challenges the sufficiency of the evidence underlying his first conviction because the prosecutrix allegedly could not identify him.

In his first trial, appellant was convicted of raping a 24 year-old woman who had the mental capacity of a child of six or seven years. At a competency hearing, the prosecutrix was not able to identify appellant as her assailant. The trial court then found the prosecutrix competent to testify.

When the trial began, all the witnesses, including the victim and her sister, were placed under the rule. During the trial, the sister identified appellant as a man she had known. Following this testimony, the

trial was recessed and the prosecutrix and her sister went to the bathroom. After the recess, the prosecutrix was able to identify appellant as her attacker. In doing so, she used the same words her sister had used.

In reversing appellant's conviction and granting him a new trial, this court found the trial court had erred in failing to grant appellant's motion for a mistrial, based on the sisters' violation of the rule. *See Webb*, 684 S.W.2d at 801.

■ The record does not substantiate appellant's allegation that neither the prosecutrix nor anyone else could identify him as the assailant. A review of the record reveals the prosecutrix identified appellant as her attacker from police photographs and at a lineup, as well as in open court during the trial. Additionally, there were other witnesses who placed appellant at the site of the victim's abduction and circumstantially linked appellant to the assault.

Likewise, appellant incorrectly concludes this court has determined the identification issue in his favor. A reading of our opinion in *Webb* clearly reflects we found the prosecutrix and her sister had violated the rule. In light of this violation, we held the trial court had abused its discretion by failing to grant the motion for mistrial. We did not rule that the complainant could not identify appellant, but only that her identification was impermissibly tainted by virtue of her violation of the court's order invoking the rule.

In his only stated reason for challenging the sufficiency of the evidence, appellant alleges the evidence is insufficient because we found the prosecutrix could not identify him as her attacker. As we have previously stated, appellant's conclusion that we found the complainant failed to identify appellant is unfounded. Therefore, we need not reach appellant's claim that such identification constitutes insufficient evidence to sustain a conviction.

■ Appellant's claim for protection under the double jeopardy clause must fail for another reason. Until a judgment of acquittal is entered, or until there is an adjudication establishing a right to such a judgment, a double jeopardy claim is premature. *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308–09, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311, 325 (1984). Nothing in the record here or in our first opinion indicates appellant was acquitted or entitled to a judgment of acquittal.

■ Here, we remanded appellant's first appeal to the trial court for a new trial. *Webb*, 684 S.W.2d at 801. The double jeopardy clause does not bar reprosecution of a defendant who has his conviction overturned on appeal. *Lydon*, 466 U.S. at 308, 104 S.Ct. at 1813, 80 L.Ed.2d at 324 (quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, 303 (1896)). When we granted appellant a new trial due to trial error, jeopardy did not attach. *Ex parte Duran*, 581 S.W.2d 683, 684 (Tex.Crim.App.1979). For this reason, our earlier reversal did not trigger the application of the double jeopardy clause so as to prohibit appellant's retrial.

We deny the relief requested and remand appellant to custody.