Kent Anthony KRUEGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–265–CR.

Court of Appeals of Texas, Austin.

Dec. 9, 1992.

---

Mark Janssen, San Marcos, for appellant.

Robert H. Fisher, Asst. Dist. Atty., New Braunfels, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of burglary of a building. Tex.Penal Code Ann. § 30.02 (West 1989). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for seven years and a $5000 fine.

On September 26, 1991, someone entered Lewis Sweet's barn and garage in rural Comal County and stole exercise saddles, saddle blankets, and a bicycle. At 4:15 p.m. on that day, Lee Michelson, Sweet's twelve-year-old grandson, was walking up the gravel road to Sweet's house from the school bus stop. A pickup truck driving away from the Sweet place passed Michelson. As it did so, the boy saw his bicycle and his grandfather's saddles in the bed of the truck. Michelson identified appellant as the driver of the truck. He testified that the other man in the truck was Andy Ortez, who previously worked for Sweet. Two of the stolen saddles and a blanket were recovered later that day when Ortez sold them.

Through his own testimony and that of other defense witnesses, appellant claimed to be in San Antonio at the time of the burglary and asserted that he had been misidentified by Michelson. The jury obviously did not believe this testimony.

In his first point of error, appellant contends that the evidence is legally insufficient to sustain the conviction. Appellant does not deny that a burglary took place, but he asserts that the State failed to prove that he was the burglar. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App.1981).

The sufficiency of the evidence must be measured against the jury charge. *Garrett v. State*, 749 S.W.2d 784, 802–03 (Tex.Crim.App.1988) (opinion on motion for rehearing); *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984). The court's charge in this cause included an instruction on the general law of parties. Tex.Penal Code Ann. §§ 7.01, 7.02 (West 1989). The court did not, however, apply the law of parties to the facts. Therefore, appellant's conviction cannot be sustained on the theory that he was criminally responsible for the acts of Andy Ortez. *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991). Instead, we must determine if there is legally sufficient evidence to support a finding beyond a reasonable doubt that appellant personally entered Sweet's barn and garage with intent to commit theft.

The evidence in this cause is analogous to that in *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App.1991). In that case, unseen persons broke into a department store. Television sets taken from the store were found outside the building, together with two sets of footprints. The defen-

dant's fingerprints were found on one of the televisions. The court agreed with the State that this evidence supported the inference that the defendant entered the building, but held that the evidence did not exclude the reasonable hypothesis that appellant waited outside the building and carried the television handed to him by the person who entered the store. 823 S.W.2d at 249. Thus, the evidence was not sufficient to sustain the defendant's conviction as a principal in the burglary.

*Walker* is not controlling in this cause because that prosecution predated the opinion in *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991). In *Geesa*, the Court of Criminal Appeals rejected the use of the "outstanding reasonable hypothesis" construct as a method of appellate review for evidentiary sufficiency. 820 S.W.2d at 161. The court went on to hold that a prescribed definition of "reasonable doubt" must be given in every case tried thereafter. 820 S.W.2d at 162. The cause before us was tried after *Geesa* and the prescribed definition was included in the district court's charge. Thus, we measure the legal sufficiency of the evidence in this cause solely by reference to the *Jackson* standard.

From the evidence in this cause, viewed in the light most favorable to the verdict, a rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. Specifically, the jury could rationally infer that appellant entered Sweet's barn and garage and stole the saddles, blankets, and bicycle. The first point of error is overruled.

■ In point of error two, appellant contends that the district court erred by "dismissing" the jurors without his approval. Appellant cites Tex.Code Crim.Proc.Ann. art. 36.31 (West 1981), which governs discharge of the jury when it cannot reach a verdict. The record reflects that the jury was not discharged, and that appellant's complaint is directed to the separation of the jurors after the charge was read. The applicable statute is Tex.Code Crim.Proc. Ann. art. 35.23 (West Supp.1992). As amended, art. 35.23 no longer forbids separation of the jurors after the reading of the charge. Instead, the jurors may separate after the charge is read unless a motion is made that the jury be sequestered. *Hood v. State*, 828 S.W.2d 87, 92 (Tex.App.— Austin 1992, no pet.). No such motion was made in this cause, and appellant voiced no timely objection to the separation of the jurors. The point of error is overruled.

■ Finally, appellant complains that the court reporter misread the testimony of a witness in response to a note from the jury. Tex.Code Crim.Proc.Ann. art. 36.28 (West 1981). While deliberating, the jury sent the court a note asking for the testimony of Lee Michelson concerning: "1) What did he see first, the bike, saddles, or the occupants in the vehicle[?] 2) In his testimony, was there any mention of the driver wearing a T-shirt? If so, what color or specific details?" Without objection, the jury was returned to the courtroom and the reporter read that portion of Michelson's testimony describing the pickup truck he saw leaving his grandfather's residence on the afternoon of the burglary. As reported in the statement of facts, Michelson stated in answer to a question that "[t]here were two men in [the pickup]." When this answer was read to the jury, however, the reporter read, "There was three men in it."

Appellant asserts that "the incorrect reporting of the number of people in the pickup truck possibly resulted in the wrong verdict," but does not explain how this might be so. The jury's note does not indicate any concern with the number of men in the pickup. The crucial issue in this cause was not whether there were two burglars or three, but whether appellant was one of them. We conclude that the reporter's misstatement while reading back the testimony was harmless beyond a reasonable doubt. Tex.R.App.P. 81(b). The third point of error is overruled.

The judgment of conviction is affirmed.