IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-057-CR





RONALD BEAU BRANHAM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR92-063, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 





 After a jury found appellant guilty of two counts of the offense of burglary, Tex.
Penal Code Ann. § 30.02 (West 1989), the court assessed punishment at confinement for ten years
probated and a fine of one thousand dollars. Appellant, in three points of error, contends that the
evidence is insufficient to support the convictions. We will reverse the trial court's judgment and
reform to reflect acquittals.

 In light of our disposition of appellant's third point of error, we find it unnecessary
to address appellant's first and second points of error. In his third point of error, appellant asserts
the evidence is insufficient to support the convictions because the State failed to establish all
elements of the offense of burglary of a building under a charge that did not authorize convictions
under the law of parties. Appellant was charged with the burglaries of the Cross Lutheran Church
and the Senior Citizen Center, both of which were located in New Braunfels.

 Tommy Sonlitner, after accepting a plea bargain, testified on behalf of the State. 
Tommy stated that it was his idea to burglarize the church, and that appellant, a fellow high
school student, met him at the church in appellant's mother's car on the night of August 8, 1991. 
Tommy related that he entered the church with a stolen key while appellant waited outside. After
Tommy took a computer from the church, appellant helped him carry it toward the car. However,
a police car was observed in the vicinity and they left the computer next to a nearby Circle K
store. As Tommy and appellant started walking away they were stopped by New Braunfels police
officer Dennis Conran.

 Conran testified that he and a fellow officer had noticed an unoccupied car near the
Circle K store about 1:45 a.m. An inspection of the car resulted in finding a wallet that contained
appellant's driver's license. The officers decided to investigate the area, and shortly thereafter,
met appellant and Tommy walking on Cross Street; Conran testified that, "they stated they had
no vehicle." In response to Conran's question about whether they had weapons, they removed
keys, change, and two small flashlights from their pockets. Conran stated that he had learned
from his experience that the flashlights were of the types used in nighttime burglaries. Having
observed no violation of the law, Conran did not detain the boys.

 Reverend Raymond Reich testified that when he arrived at the church office around
eight o'clock on the morning of August 8, 1991, he noticed that the computer was missing. 
Tommy's father, Charles Sonlitner, testified that he was looking for a soldering gun in his son's
closet on the evening of October 28, 1991, when he discovered a stack of appliances, VCR's,
amplifiers, a steel guitar, and other items that he knew did not belong to his son. After
admonishing his son to "come clean" with the police or sit in jail until trial, Tommy made a
statement to officers.

 Tommy testified that it was his idea to commit the burglary at the Senior Citizen
Center. On October 11, 1991, appellant and Tommy drove to the Senior Citizen Center, and
Tommy entered the Center and removed stereo equipment. At trial, Tommy stated that he took
the amplifier that he had removed from the building. Tommy's earlier statement reflected that
appellant left the scene with the amplifier. Charles Sonlitner testified that on October 31, 1991,
he observed appellant place something on his doorstep that he later determined to be an amplifier.

 Appellant denied any knowledge of the church burglary until Tommy called him
to meet him at the Circle K store. Tommy had a box of computer equipment that appellant would
not allow to be placed in the car. Appellant also denied knowledge of the burglary at the Senior
Citizen Center, stating that after Tommy was arrested, he called him to pick up the amplifier at
Danny Torres' house and return it to Tommy's house.

 In reviewing the sufficiency of the evidence we must determine whether, viewing
the evidence in the light most favorable to the conviction, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Casillas v. State, 733 S.W.2d 158, 160 (Tex. Crim. App. 1986),
appeal dism'd, 484 U.S. 918 (1987). The standard of review is the same for direct and
circumstantial cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). The offense
of burglary as charged in the instant causes is committed when a person, without the effective
consent of the owner, enters a building not then and there open to the public, with intent to
commit theft. Tex. Penal Code Ann. § 30.02(a)(1) (West 1989).

 The trial court's charge in the instant cause included an abstract definition on the
law of parties. See Tex. Penal Code Ann. §§ 7.01, 7.02 (West 1989). However, the court failed
to apply the law of parties to the facts. A charge which fails to apply a theory of law to the facts
of a case is insufficient to authorize a conviction on that theory, even when the theory of law is
abstractly defined in the charge. See Jones v. State, 815 S.W.2d 667, 670 (Tex. Crim. App.
1991). Therefore, appellant's convictions cannot be sustained on the basis that he was criminally
responsible for the acts of Tommy Sonlitner. See Krueger v. State, 843 S.W.2d 726, 727 (Tex.
App.--Austin 1992, pet. ref'd). We must determine if there is sufficient evidence to support a
finding beyond a reasonable doubt that appellant personally entered the church and the center with
the intent to commit theft. See Walker v. State, 823 S.W.2d 247, 248-49 (Tex. Crim. App.
1991), cert. denied, 112 S.Ct. 1481 (1992); Krueger, 843 S.W.2d at 727.

 The State cites Krueger as having legal and factual issues analogous to the instant
cause. In Krueger, the victim's twelve-year-old grandson identified the defendant as the person
he saw driving away from his grandfather's farm with saddles, blankets, and the boy's bicycle in
the back of a truck. The boy also identified the passenger in the truck as his grandfather's former
employee. Some of the stolen articles were recovered later that day when the former employee
sold them. The Krueger court concluded that the jury could rationally infer that the defendant
entered the victim's barn and stole the saddles, blankets and bicycle. Unlike Krueger, appellant
was not seen leaving the site of the church burglary with the computer in his possession. The
State urges that the evidence is sufficient to sustain the conviction of the Senior Citizen Center
burglary based on appellant's recent, unexplained possession of stolen property. To warrant an
inference or presumption of guilt from the circumstances of possession alone, such possession
must be personal, must be recent, must be unexplained, and must involve a distinct and conscious
assertion of right to the property by the defendant. See Rodriguez v. State, 549 S.W.2d 747, 749
(Tex. Crim. App. 1977). The testimony of Charles Sonlitner that he saw appellant place the
amplifier on his front doorstep does not satisfy all of the requirements to raise an inference or
presumption of guilt. More importantly, any inferences of appellant's entries to the buildings that
may be gleaned from the circumstances are negated by the State's own witness, Tommy Sonlitner,
who testified that he, and not appellant, had entered both the Cross Lutheran Church and the
Senior Citizen's Center. We hold that the evidence is insufficient to support the convictions in
light of the charge given. Appellant's third point of error is sustained.

 The State made no request that the law of parties be applied to the facts of the case;
nor did the State object to the trial court's failure to do so. Therefore, the unobjected-to error of
the trial court in failing to apply the law of parties to the facts cannot be said to transform the
insufficiency of the evidence to mere "trial error" that may require reversal, but not acquittal
under jeopardy's rules. Walker v. State, 823 S.W.2d 302, 309 (Tex. App.--Tyler 1989), aff'd,
823 S.W.2d 247 (Tex. Crim. App. 1991), cert. denied, 112 S.Ct. 1481 (1992).


 The convictions are reversed and reformed to show acquittals.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Reversed and Reformed

Filed: August 31, 1994

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).