Davis533 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00533-CR







Michael Carl Davis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 43,755, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM

 Michael Carl Davis, appellant, was convicted by a jury of the felony offense of
robbery. Tex. Penal Code § 29.02 (West 1994). The court assessed punishment at sixteen
years' confinement in the Texas Department of Criminal Justice Institutional Division and
restitution was ordered in the amount of $432.45. Appellant, in a single point of error,
challenges the sufficiency of the evidence to support the conviction. We will affirm the
conviction.



BACKGROUND


 On November 4, 1993, Benjamin Alvarado, a security guard for Montgomery Ward
("Ward"), observed appellant shoplifting clothing from the men's fashion area in the Ward store
in Temple, Texas. Alvarado notified Michael Jackson, the floor supervisor of the men's
department. The two men pursued appellant and attempted to apprehend him as he passed through
the exit doors of the store. Alvarado testified that he identified himself as "Montgomery Ward
Security" and attempted to physically restrain appellant. However, during this attempt, appellant
resisted by striking Alvarado several times in his face and on his chest. Jackson attempted to
assist and the three men fell to the floor in struggle. Appellant prevailed and fled across the store
parking lot with Jackson in pursuit. Following a lengthy chase, Jackson caught up with appellant
and requested that appellant return to the store. Appellant refused and tossed the stolen article
of clothing to Jackson. Appellant then crossed the street and entered the parking lot of a nearby
shopping mall. Appellant was subsequently arrested and charged with the offense of robbery.



ANALYSIS


 Appellant's sole point of error asserts that he was assaulted by Alvarado during the
commission of theft and that the evidence is legally insufficient to support the jury's verdict with
respect to the charge of robbery. He further asserts that his actions against the security officer
were in self-defense and not in the course of committing theft. The critical inquiry on review of
the legal sufficiency of the evidence to support a criminal conviction is whether the record
evidence could reasonably support a finding of guilt beyond a reasonable doubt. This Court does
not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State,
614 S.W.2d 155, 159 (Tex. Crim. App. 1981); Kruger v. State, 843 S.W.2d 726, 727-28 (Tex.
App.--Austin 1992, pet. ref'd).

 The State correctly responds that the court should review the sufficiency of the
evidence in light of the trial court's charge. Wright v. State, 855 S.W.2d 169 (Tex. Crim. App.
1993); Polk v. State, 749 S.W.2d 813 (Tex. Crim. App. 1988). The Texas Rules of Appellate
Procedure require an appellant to present a sufficient record to demonstrate reversible error. Tex.
R. App. P. 50(d); Greenwood v. State, 823 S.W.2d 660, 661 (Tex. Crim. App. 1992). In the
instant case, the record does not contain the charge to the jury, which is necessary for our review.

 The indictment alleged that appellant, in the course of committing theft and with
the intent to obtain and maintain control of property, intentionally and knowingly caused bodily
injury to Alvarado by striking him on the face and chest. Assuming that the jury was properly
charged in conformity with the indictment, we conclude that the evidence is sufficient to support
appellant's conviction. The phrase "in the course of committing theft" means conduct which
occurs in an attempt to commit, during commission, or in immediate flight after the attempt or
commission of theft. Autry v. State, 626 S.W.2d 758, 762 (Tex. Crim. App. 1982); Purser v.
State, 902 S.W.2d 641, 647 (Tex. App.--El Paso 1995, no pet.). The record clearly reveals that
appellant perpetrated the offense of theft when he shoplifted the article of clothing. During flight
from this theft, appellant assaulted Alvarado as the officer attempted to apprehend him. 
Consequently, the evidence adequately supports appellant's conviction of the offense of robbery. 
Appellant's point is overruled.



CONCLUSION 


 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 3, 1996

Do Not Publish



AN STYLE="font-family: CG Times"> On November 4, 1993, Benjamin Alvarado, a security guard for Montgomery Ward
("Ward"), observed appellant shoplifting clothing from the men's fashion area in the Ward store
in Temple, Texas. Alvarado notified Michael Jackson, the floor supervisor of the men's
department. The two men pursued appellant and attempted to apprehend him as he passed through
the exit doors of the store. Alvarado testified that he identified himself as "Montgomery Ward
Security" and attempted to physically restrain appellant. However, during this attempt, appellant
resisted by striking Alvarado several times in his face and on his chest. Jackson attempted to
assist and the three men fell to the floor in struggle. Appellant prevailed and fled across the store
parking lot with Jackson in pursuit. Following a lengthy chase, Jackson caught up with appellant
and requested that appellant return to the store. Appellant refused and tossed the stolen article
of clothing to Jackson. Appellant then crossed the street and entered the parking lot of a nearby
shopping mall. Appellant was subsequently arrested and charged with the offense of robbery.



ANALYSIS


 Appellant's sole point of error asserts that he was assaulted by Alvarado during the
commission of theft and that the evidence is legally insufficient to support the jury's verdict with
respect to the charge of robbery. He further asserts that his actions against the security officer
were in self-defense and not in the course of committing theft. The critical inquiry on review of
the legal sufficiency of the evidence to support a criminal conviction is whether the record
evidence could reasonably support a finding of guilt beyond a reasonable doubt. This Court does
not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State,
614 S.W.2d 155, 159 (Tex. Crim. App. 1981); Kruger v. State, 843 S.W.2d 726, 727-28 (Tex.
App.--Austin 1992, pet. ref'd).

 The State correctly responds that the court should review the sufficiency of the
evidence in l