TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00171-CR







Roy Junior Mayberry, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0963724, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant Roy Junior Mayberry guilty of burglary of a habitation with intent
to commit sexual assault and assessed punishment at imprisonment for seventeen years. Tex. Penal Code
Ann. § 30.02 (West 1994 & Supp. 1998). In four related points of error, appellant contends the district
court erred by allowing four witnesses to testify at the punishment stage after a violation of the witness
exclusion rule. We will overrule the points of error and affirm the judgment of conviction.

The complaining witness, Staci Hart, testified that appellant, whom she did not know,
approached her as she sat beside the swimming pool at her apartment complex and began a conversation. 
After a few minutes, appellant asked for a drink of water. Hart told appellant she would get him water and
to wait by the pool. Hart walked to her apartment, closed and locked the door behind her, and drew a
glass of water. When she reopened the door, appellant was standing outside, masturbating. He forced his
way into Hart's apartment, still masturbating. Hart ran to a neighbor's apartment and called the police.

At the punishment stage, the State proved that appellant had three previous misdemeanor
convictions for indecent exposure and one for false imprisonment. The State also proved four
unadjudicated acts of indecent exposure by appellant through the testimony of a police officer and four
other witnesses. The testimony of witness Janie Stasny is not at issue in this appeal. Stasny testified that
she saw appellant masturbating as he sat on the curb across the street from her house and watched
neighborhood girls playing.

Nicole Smith testified that she saw a man masturbating in her apartment parking garage. 
She was unable to identify appellant at trial as the man she saw, but she testified that she identified the
man's photograph in a photo spread shown to her on the day of trial. Austin police officer Gaylon Duncan
testified that he showed the photo spread to Smith and that she identified appellant's photograph. The
photo spread was introduced in evidence.

Amanda Smith, Nicole's sister, testified that she was with her sister and saw the man
masturbating. She saw the same man five months later, again masturbating in the parking garage. She
identified appellant as the man she saw on both occasions.

Natalie Cleneay testified that she was confronted by a masturbating man in the stairwell of
her apartment complex. She identified appellant as that man.

Appellant contends that Nicole and Amanda Smith, Cleneay, and Duncan should not have
been allowed to testify because they violated the witness exclusion rule. This rule provides that "[a]t the
request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other
witnesses . . . ." Tex. R. Evid. 614. (1) Witnesses placed under the rule must be instructed, and were
instructed in this cause, "not to converse with each other or with any other person about the case . . . ." 
Tex. Code Crim. Proc. Ann. art. 36.06 (West 1981). The purpose of the witness exclusion rule is to
prevent the testimony of one witness from influencing the testimony of another. See Bell v. State, 938
S.W.2d 35, 50 (Tex. Crim. App. 1996).

The facts relevant to appellant's contention were adduced outside the jury's presence. 
Cleneay and the Smith sisters were in the courtroom on the morning the punishment phase of appellant's
trial began. They had been asked by the State to determine if the man they saw masturbating was present. 
Cleneay and Amanda Smith recognized appellant when he entered the courtroom. Nicole Smith, as she
later testified before the jury, could not identify appellant. The witnesses, including Officer Duncan, were
then sworn and the rule was invoked. As the women waited outside the courtroom to testify, Duncan took
each individually into a private room and showed her the photo spread. All three women identified
appellant's photograph. As previously noted, Nicole Smith and Duncan later testified to this photographic
identification. Neither Amanda Smith nor Cleneay testified before the jury regarding her identification of
appellant's photograph. Each testified outside the jury's presence that her in-court identification of
appellant was independent of and uninfluenced by the photographic identification process. 

We will assume that Duncan violated the rule by showing the women the photo spread after
the rule had been invoked. The appropriate sanction for a violation of the rule is left to the discretion of
the trial court, and allowing a witness to testify after the rule is violated is not grounds for reversal unless
an abuse of discretion is shown. Id. Appellant argues that the district court abused its discretion allowing
the Smiths, Cleneay, and Duncan to testify.

Appellant relies on the holding in Webb v. State, 684 S.W.2d 800 (Tex. App.--Fort
Worth 1985, no pet.). In Webb, a prosecution for rape, the complaining witness was unable to identify the
defendant as her attacker during a hearing into her competency to testify. Later, during the trial, the
complainant did identify the defendant. The defendant moved for a mistrial on the ground that the witness
rule had been violated. The record supported the conclusion that the complainant changed her testimony
after a conversation outside the courtroom with her sister, after the sister testified and identified the
defendant. The court of appeals concluded that under the circumstances shown, the trial court abused its
discretion by refusing to declare a mistrial. Id. at 802.

This cause is easily distinguished from Webb insofar as Cleneay and Amanda Smith are
concerned. The record shows that both witnesses recognized appellant in the courtroom before they were
shown the photo spread by Duncan. Their subsequent in-court identifications of appellant were shown to
be uninfluenced by the photographic identification, and appellant does not argue to the contrary. Because
the record demonstrates that neither Cleneay nor Amanda Smith changed her testimony as a result of her
encounter with Duncan after the rule was invoked, the district court did not abuse its discretion by
permitting the women to testify. Points of error two and three are overruled.

In one respect, Nicole Smith's testimony also was not influenced by seeing the photo
spread. Smith did not recognize appellant in court and so testified even after she identified appellant's
photograph. In another respect, however, Nicole Smith's testimony was influenced by the witness rule
violation. She told the jury that she identified a photograph of the man she saw masturbating. Duncan
testified that the photograph she identified was that of appellant. Thus, the photographic identification
procedure Duncan conducted after the witness rule was invoked enabled Smith to identify appellant, albeit
indirectly, an identification she otherwise would not have been able to make.

Aside from its timing, Nicole Smith's identification of appellant's photograph was
unremarkable. The spread Duncan showed her contained photographs of six men of similar appearance,
and both Duncan and Smith testified that the officer did nothing to cause her to identify appellant. Appellant
does not contend that the photo spread was unfairly suggestive. Thus, had the identification procedure
taken place before the witness rule was invoked, the testimony regarding Smith's identification of
appellant's photograph unquestionably would have been admissible. Because the identification was shown
to be trustworthy, we conclude that the district court did not abuse its discretion by permitting Smith and
Duncan to testify even though the identification was made during an encounter that violated the witness
exclusion rule.

We further conclude that if the court did abuse its discretion by permitting Nicole Smith and
Duncan to testify, the error was harmless. See Bell, 938 S.W.2d at 50 n.26. Amanda Smith confirmed
her sister's identification of appellant as the man they saw masturbating in the parking garage. In addition,
Amanda Smith, Cleneay, and Stasny testified to three other acts of public masturbation by appellant. 
Appellant also was shown to have three previous convictions for indecent exposure, and one for false
imprisonment. Under the circumstances, we are convinced that the testimony of Nicole Smith and Duncan
did not contribute to the punishment assessed or otherwise affect appellant's substantial rights. See Tex.
R. App. P. 44.2(b). Points of error one and four are overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: May 21, 1998

Do Not Publish
1. At the time of trial, the governing rule was former Texas Rule of Criminal Evidence 613. The present
and former rules are substantively identical.



 showing the women the photo spread after
the rule had been invoked. The appropriate sanction for a violation of the rule is left to the discretion of
the trial court, and allowing a witness to testify after the rule is violated is not grounds for reversal unless
an abuse of discretion is shown. Id. Appellant argues that the district court abused its discretion allowing
the Smiths, Cleneay, and Duncan to testify.

Appellant relies on the holding in Webb v. State, 684 S.W.2d 800 (Tex. App.--Fort
Worth 1985, no pet.). In Webb, a prosecution for rape, the complaining witness was unable to identify the
defendant as her attacker during a hearing into her competency to testify. Later, during the trial, the
complainant did identify the defendant. The defendant moved for a mistrial on the ground that the witness
rule had been violated. The record supported the conclusion that the complainant changed her testimony
after a conversation outside the courtroom with her sister, after the sister testified and identified the
defendant. The court of appeals concluded that under the circumstances shown, the trial court abused its
discretion by refusing to declare a mistrial. Id. at 802.

This cause is easily distinguished from Webb insofar as Cleneay and Amanda Smith are
concerned. The record shows that both witnesses recognized appellant in the courtroom before they were
shown the photo spread by Duncan. Their subsequent in-court identifications of appellant were shown to
be uninfluenced by the photographic identification, and appellant does not argue to the contrary. Because
the record demonstrates that neither Cleneay nor Amanda Smith changed her testimony as a result of her
encounter with Duncan after the rule was invoked, the district court did not abuse its discretion by
permitting the women to testify. Points of error two and three are overruled.

In one respect, Nicole Smith's testimony also was not influenced by seeing the photo
spread. Smith did not recognize appellant in court and so testified even after she identified appellant's
photograph. In another respect, however, Nicole Smith's testimony was influenced by the witness rule
violation. She told the jury that she identified a photograph of the man she saw masturbating. Duncan
testified that the photograph she identified was that of appellant. Thus, the photographic identification
procedure Duncan conducted after the witness rule was invoked enabled Smith to identify appellant, albeit
indirectly, an identification she otherwise would not have been able to make.

Aside from its timing, Nicole Smith's identification of appellant's photograph was
unremarkable. The spread Duncan showed her contained photographs of six men of similar appearance,
and both Duncan and Smith testified that the officer did nothing to cause her to identify appellant. Appellant
does not contend that the photo spread was unfairly suggestive. Thus, had the identification procedure
taken place before the witness rule was invoked, the testimony regarding Smith's identification of
appellant's photograph unquestionably would have been admissible. Because the identification was shown
to be trustworthy, we conclude that the district court did not abuse its discretion by permitting Smith and
Duncan to testify even though the identification was made during an encounter that violated the witness
exclusion rule.

We further conclude that if the court did abuse its discretion by permitting Nicole Smith and
Duncan to testify, the error was harmless. See Bell, 938 S.W.2d at 50 n.26. Amanda Smith confirmed
her sister's identification of appellant as the man they saw masturbating in the parking garage. In addition,
Amanda Smith, Cleneay, and Stasny testified to three other acts of public masturbation by appellant. 
Appellant also was shown to have three previous convictions for indecent exposure, and one for false
imprisonment. Under the circumstances, we are co