# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00195-CR

**Carlos Ray Kidd, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 20,431-CR, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

A jury found appellant Carlos Ray Kidd guilty of aggravated assault, for which it assessed punishment at imprisonment for ten years and a $5000 fine, and burglary of a habitation, for which it assessed punishment at imprisonment for five years and a $5000 fine. Tex. Pen. Code Ann. '' 22.02, 30.02 (West 2003). In two points of error, appellant complains that the jury was erroneously allowed to separate without his personal consent and without being properly instructed. Finding no error, we will affirm the convictions.

The record shows that after the jury retired to deliberate the question of appellant=s guilt or innocence, it sent a note to the judge at 1:32 p.m. asking, ACan we break for lunch?@ In open court, the judge read the note to counsel and asked, AHave them back at, say, a quarter until two?@ Both defense counsel and the prosecutor agreed. The judge then sent a note to the jury saying, AYesCReconvene at 1:45

p.m.@ Both appellant and the State assume that the jury separated during their lunch break, and we will make the same assumption.

Appellant argues that it was error to permit the jurors to separate after deliberations began without his personal consent. The record does not reflect whether appellant was present when the jury=s note was read in open court. *See* Tex. Code Crim. Proc. Ann. art. 36.27 (West 1981) (court shall use reasonable diligence to secure presence of defendant and counsel before answering jury communication). Defense counsel did not object that appellant was absent, nor did he assert that appellant=s agreement to the separation was required.

At one time, separation of the jurors after the charge was given was impermissible without the consent of both parties. *See* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, ' 1, art. 35.23, 2 1965 Tex. Gen. Laws 317, 450. In 1989, however, article 35.23 was amended to require sequestration only on the motion of a party. Tex. Code Crim. Proc. Ann. art. 35.23 (West Supp. 2003); *see Krueger v. State*, 843 S.W.2d 726, 728 (Tex. App.CAustin 1992, pet. ref=d) (jurors may separate after charge unless motion is made that jury be sequestered). The right to have the jury sequestered is forfeited if no motion is made. *Keiser v. State*, 880 S.W.2d 222, 223 (Tex. App.CAustin 1994, pet. ref=d). Because neither party in this cause requested sequestration, the district court had the discretion to permit the jurors to separate after deliberations began. Appellant=s consent was not required. Point two is overruled.

AIn any case in which the jury is permitted to separate, the court shall first give the jurors proper instructions with regard to their conduct as jurors when so separated.@ Tex. Code Crim. Proc. Ann. art. 35.23. Appellant contends the court should not have permitted the jury to separate for lunch without

**2**

first admonishing them in accordance with article 35.23. He neither requested such an instruction at the time nor objected to its absence.

Article 35.23 does not require the judge to instruct the jury before each recess taken in the case. *Moten v. State*, 429 S.W.2d 505, 506 (Tex. Crim. App. 1968). The record shows that on the day trial began, after ruling on disqualifications and exemptions from jury service, the judge gave the remaining panelists detailed instructions regarding their conduct during the course of the trial, including an admonition not to read or listen to news accounts or discuss the case with anyone. After the twelve trial jurors were selected and sworn, they were again admonished by the judge regarding their conduct outside the courtroom. The judge reminded the jurors of his instructions before several recesses during the trial. As required by article 35.23, the jurors had been properly instructed before they were permitted to separate. *Id*. Appellant=s first point is overruled.

The district court prepared separate judgments for each offense. The judgments of conviction are affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: April 10, 2003

**3**

Do Not Publish